ABIATHAR HOXIE & others *vs.* ELKANAH FINNEY.

In a deed of all the grantor's " right and title to one undivided third part of " land bounded
and described, covenants that he is seised in fee of the granted premises, that they
are free from all incumbrances, and that he will warrant them to the grantee against
the lawful claims of all persons, are limited in effect by the description of the subject
granted; and are not broken by an eviction of the grantee under an incumbrance
previously created by the grantor.

ACTION OF CONTRACT upon the covenant of warranty in a deed from the defendant to Henry Finney. Trial in this court before *Merrick,* J., who reported the case to the full court upon the question whether a breach of the covenant, which would maintain this action, was shown by the following facts:

Elkanah Finney died seised of land in Plymouth, leaving a widow and eight children, among whom were the defendant and Henry Finney. In 1838 partition was made of his estate among his children; and they and the widow executed an indenture, by which, in consideration of a release of her right of dower, they covenanted and agreed, " each for themselves and not for the others," to pay to her the sum of sixty two dollars and fifty cents each, amounting in the whole to five hundred dollars, annually, and mortgaged to her their several shares of the land to secure the performance of this agreement.

In 1844 the defendant conveyed " all his right and title " in the land which had been set off to him, describing it by boundaries, to his brother Henry Finney in fee, with covenants that he was lawfully seised in fee of the aforegranted premises, that they were free of all incumbrances, that he had good right to sell and convey the same, and that he would warrant and defend them to the grantee, his heirs and assigns, against the lawful claims and demands of all persons. Henry Finney afterwards took the benefit of the insolvent laws, and his assignee sold and conveyed to the plaintiffs the real estate so conveyed to him by the defendant.

In 1858 the widow entered and took possession of the land for a breach of the condition of the mortgage to her, and for

the purpose of foreclosing the same, and has since continued in possession thereof.

*E. Ames*, for the plaintiffs.

*C. G. Davis*, for the defendant.

DEWEY, J. The effect of covenants in the form of those in the deed from the defendant to Henry Finney has become a settled question with us. A deed " of all my right, title and interest in certain real estate," &c., purports to convey merely such right as the grantor had in the land ; and as the grantor conveys his own title only, the general covenants of seisin in fee of the aforegranted premises, that they are free from all incumbrances, that the grantor has good right to sell and convey the same, and that he will warrant and defend the same against the lawful claims and demands of all persons, are all qualified and limited by the granting clause of " all my right, title and interest " in the premises. *Allen* v. *Holton*, 20 Pick. 458. *Blanchard* v. *Brooks*, 12 Pick. 47. *Sweet* v. *Brown*, 12 Met. 175.

As to this last case, the counsel for the plaintiffs has called the attention of the court to the declaration, as really setting forth as the cause of action a breach of covenant, applicable not to that particular parcel of the estate described by metes and bounds, but to a parcel of the land granted under the general description, " one lease in the Cowell Pasture " ; and suggested whether that might not affect the case. The reported statement of the case for the court properly stated it thus : " The plaintiff contended that the covenants in the deed applied to certain specific parcels of real estate particularly described, and the defendant contended that as the deed only conveyed all the right, title and interest of the defendant in the premises, the covenants could be held to extend no further." The principle settled by the case, in any view of the facts there in issue, is that such a warranty as that in the case now before us must be taken as limited and restricted to the grant.

It is, as we understand, conceded that such would be the construction of these covenants, if the incumbrance had been created by some other party than the defendant. But it is con-

tended that it is otherwise in case of an incumbrance created by the grantor. In the present case, the incumbrance set up as breach was a mortgage executed by both the grantor and grantee in this deed, with the other heirs at law of the late Elkanah Finney deceased, in consideration of a release of his widow's interest in the real and personal estate of said Elkanah Finney, to pay her an annuity during her life.

The plaintiff urges upon our consideration the cases of *Calvert* v. *Sebright*, 15 Beav. 156, *Steiner* v. *Baughman*, 12 Penn. State R. 106, and *Mills* v. *Catlin*, 22 Verm. 98. Those cases, though not precisely similar to the present, seem to qualify the general doctrine restricting in all cases the general covenants to the language of the grant. Our doctrine on the subject is well established, and we perceive no sufficient ground for introducing the proposed exception to the general rule so fully acknowledged and sanctioned. If we do not thus limit the covenant to the interest conveyed, but give it an effect beyond that, why should it not have full effect as a warranty against any and every outstanding title or incumbrance? This doctrine no court is understood to adopt as to such covenants, when connected with a mere conveyance of "the right, title and interest" of the grantor.

In the opinion of the court this action cannot be maintained upon the covenant of warranty in the deed, for the breach alleged. *Plaintiffs nonsuit.*