Peleger, J.
Heard on demurrer to petition.
Can a purchaser und'er a special warranty deed conveying the grantor’s right, title and interest to certain property, recover on the covenant of warranty against the acts of a grantor or those claiming under him for unpaid taxes, which were a lien upon such property at the time of purchase?
The petition sets forth in substance the facts in the‘ above query.' The property was a valuable one, and the consideration apparently was a fair market price. A demurrer was filed on the ground of insufficiency in law. On the theory that covenants are but contracts accompanying a deed of purchase, and that all such covenants are strictly construed against the grantor, one is led to the immediate conclusion that a liability accrues. On the other hand, it is a settled rule of law that the premises described, or the granting clause of a deed, may limit and control the covenant, but the covenant can never enlarge the premises. General covenants will be construed as limited to the premises and estate intended to be conveyed. They are intended to protect and can not be construed to enlarge the estate granted (Lamb, 14 Federal Cases, p. 1042—Case No. *42 8024; Reynolds v. Shearer, 59 Ark., 299). So a deed conveying instead of the land only the right, title and interest of the grantor to the same, with a covenant of general warranty contained therein, such covenant is confined in its legal effect to the estate so conveyed, and the enforcement of a paramount title outstanding against the grantor at the time of the execution of the deed can not operate as a breach of the covenant (Bumpus v. Anderson [Tex.], 51 S. W., 1103; Wrightman v. Spofford, 56 Iowa, 145; Brown v. Patrick, 119 U. S., 175; Sweet v. Brown, 12 Met., 175, citing Blanchard v. Burkes, 12 Pick., 67, in which it was held that such a covenant operated by way of estoppel against the grantor in passing an after-acquired estate; 20 Pick., 458; Young v. Clippinger, 14 Kansas, 148, a decision by Justice Brewer; Shumaker v. Johnson, 35 Ind., 33). Nor would it be considered a breach of covenant by the eviction of the grantee under an incumbrance created by the grantor before making the conveyance (Bigelow on Estoppel, 5th Ed., p. 402; Ballard v. Child, 46 Maine, 152; Sweet v. Brown, supra; Stockwell v. Cruillard, 129 Mass., 231; Rawle on Covenants, Section 298). And this rule is applicable to special warranty deeds covenanting against the acts of the grantor or any of those claiming by, from, through or under him (15 Fed. Rep., 365).
An examination of the authorities indicates that Massachusetts first announced this doctrine; that many of the states followed these rulings, and, though great departures were made from it in other states, the Supreme Court of Massachusetts declined to vary the rule as to incumbrances created by the grantor in violation of his affirmative covenant to the contrary (Hoxey v. Frinney, 82 Mass., 332).
A few exceptions to the rule may be found. There is a strong dictum in Lull v. Stone, 37 Ill., 224-227, commenting on the early Massachusetts cases in 12 and 20 Pick. The justice in that case said:
“It is difficult to‘ see if this be the true construction of such deeds, with what view covenants were inserted, unless to deceive the grantee with the idea that he was getting covenants upon which he could safely repose for the security of his title, *43 but which a narrow and' technical construction would render utterly nugatory on the day of trial, keeping the word of promise to the ear, but breaking it to'the hope.”
I do not find the case cited or commented upon in any of the later reports of that state. In Hubbard v. Apthorp, 3 Cush., 419, the same cases ■ in 12 and 20 Pick, were criticized, and the general covenants in a deed were not restricted merely to the interest of the grantor. In Mills v. Catlin, 22 Ver., 98, it was held that the covenants were not qualified by the grant- or’s interest, “upon the principle that the construction is to be upon the entire deed, and that one part is to help explain another, and that every word, if possible, is to have effect, and none to be rejected, and all the parts thereof agree and stand together, we think it must be held to have been the intention of the parties to grant the land, and that the habendum in the deed is to hold the land, and the covenants relate to the land, and insure the title to it. But if, after all, we consider the intention of the parties ambiguous, the rule would be interposed that the construction in such eases is to be most strongly against the grantor and in favor of the grantee, and this to prevent an evasion by the grantor by the use of obscure and equivocal words.” This case does not appear to have been cited or suibsequenly commented upon in Vermont. See also Van Rencelear v. Karney, 11 How. (U. S.), 297; Milot v. Read (Mont.), 29 Pacific Reporter, 343; Williams v. Hall, 62 Mo., 405.
Much could be said in favor of the deed, which bears upon its face as a consideration a large sum of money, tending to show its proximate value, a!nd which could be defeated because the words of the grant are limited to the grantor’s “right, title and interest to the property conveyed.” Abstractly, as was said by the court in Lull v. Stone, supra, it seems but a narrow_ and technical construction, in violation of the general principle, that the whole deed should be read together, to exempt'the party making the covenant from all liability for a palpable violation of it. The covenant is a contract, and if detached from the deed would, without doubt, have been enforceable. The doctrine was evidently intended to apply to *44 merely questionable or doubtful rights in lands sold by those who are supposed to have no substantial interest in the sale of the property. Had there been no decision in Ohio on this subject, I should have been tempted to follow the reasoning laid down in Lull v. Stone and Mills v. Catlin, supra.
Frank II. Eunkel, for the demurrer.
D. D. Woodma/nsee, contra.
In White v. Brocaw, 14 O. S., 339-343, however our Supreme Court said: “that where in a deed in the ordinary form of bargain, sale and release, and which purports only to convey to the grantees all the right, title and interest, claims and demands both in law and equity,” of the grantors, “of, in and to the said premises and every part thereof,” containing no recital or other description whatever -of any particular interest in or possessed by the grantors or intended to be conveyed, a covenant is inserted by which the grantors agree to “warrant and forever defend the said premises against all persons claiming, _or to claim, by, from or under them, their heirs or assigns such covenant is only co-extensive with the grant, and binds only vested interests of the grantors in the property at the time, and does not extend to an after-acquired title.” This case was cited in Hart v. Gregg, 32 O. S., 512, and seems to be the law today. It is peculiarly applicable to and decisive of the case at bar, and can not be distinguished.
Defendant’s counsel also insists that the taxes in this case were placed upon the property by the public authorities, and that they are not incumbrances originated by the grantor. Although it is unnecessary to pass upon this question, I can see no force in the argument. It matters not whether the incumbrance was created by an act of commission or omission. It is ascribed to the grantor. The grantor having parted with his “right, title and interest” to the land in accordance with the principle of White v. Brown, supra, the covenant of warranty affected only such title, and there was no technical breach of it. There is no cause of action stated in the petition and the demurrer thereto is sustained.