*FOUNTAIN SQUARE THEATRE CO. v. ELIZABETH C. PENDERY.

1. GRANT OF "ALL RIGHT, TITLE AND INTEREST" TO REAL ESTATE CONVEYS ONLY SUCH INTEREST AS GRANTOR HAS, ETC.

A grant of "all the right, title and interest" of the grantor in and to certain real estate, without granting the land itself, conveys only such interest as the grantor has at the time of the conveyance.

2. COVENANT AGAINST INCUMBRANCES NOT BROKEN BY EXISTING TAX LIEN, WHEN.

A covenant contained in a deed whereby the grantor conveys "all his right, title and interest" in and to certain property, that the premises are free and clear of all incumbrances whatsoever, and that grantor will forever warrant and defend the same unto the grantee, etc., relates only to the right, title and interest conveyed, and not to the land itself, and is not, therefore, broken by a lien for taxes existing against the property at the time of the execution and delivery of the deed.

ERROR to Hamilton common pleas court.

**D. D. Woodmansee,** for plaintiff in error.

Breach of covenants of title. *Funk* v. *Cresswell,* 5 Iowa 62; *Loomis* v. *Bedel,* 11 N. H. 74; *Harrison* v. *Boring,* 44 Tex. 255; *Long* v. *Moler,* 5 Ohio St. 272; *Burr* v. *Lamaster,* 30 Neb. 688 [46 N. W. Rep. 1015; 9 L. R. A. 637; 27 Am. St. Rep. 428]; *Stambaugh* v. *Smith,* 23 Ohio St. 584; *Craig* v. *Heis,* 30 Ohio St. 550; Rawle, Covenants 270, 281-296; *Coburn* v. *Litchfield,* 132 Mass. 449; *Braman* v. *Bingham,* 26 N. Y. 483; *Foote* v. *Burnet,* 10 Ohio 317 [36 Am. Dec. 90].

**F. H. Kunkel,** for defendant in error.

Where there is merely a conveyance of the "right, title and interest" of grantor in and to premises described in a deed, there is no lia-

---

*Affirming Fountain Square Theatre Co. v. Elizabeth C. Pendery, 15 Dec. 411.

bility on the part of the grantor for outstanding liens or interests. 8 Am. & Eng. Enc. Law (2 ed.) 71; Devlin, Deeds Secs. 27 and 931; Tiedeman, Real Prop. Sec. 858; Rawle, Covenants Secs. 250, 298; *Hoxie* v. *Finney,* 82 Mass. (16 Gray) 332; *Allen* v. *Holton,* 37 Mass. (20 Pick.) 458; *Blanchard* v. *Brooks,* 29 Mass. (12 Pick.) 47; *Sweet* v. *Brown,* 53 Mass. (12 Metc.) 175 [45 Am. Dec. 243]; *Reynolds* v. *Shaver,* 59 Ark. 299 [27 S. W. Rep. 78; 43 Am. St. Rep. 36]; *Bumpass* v. *Anderson,* 51 S. W. Rep. 1103 (Tex. Civ. App.); *Young* v. *Clippinger,* 14 Kan. 148; *Shumaker* v. *Johnson,* 35 Ind. 33; *Ballard* v. *Child,* 46 Me. 152; *Lamb* v. *Wakefield,* 14 Fed. Cas. 1040 [1 Sawy. 251]; Bigelow, Estoppel (5 ed.) 402; *Stockwell* v. *Couillard,* 129 Mass. 231; *Buckner* v. *Street,* 15 Fed. Rep. 365; *McNear* v. *McComber,* 18 Iowa 12; *Bates* v. *Foster,* 59 Me. 157; see *Hanrick* v. *Patrick,* 119 U. S. 156 [7 Sup. Ct. Rep. 147; 30 L. Ed. 396], last syllabus and opinion by Judge Mathews.

Even though the grantor had not limited the grant of "all her right, title and interest" in the property itself, the deed containing no covenants of title, seizin or right to convey, and merely covenanting against the acts of the grantor or those claiming by, through or under her, there can be no recovery for the breach of the covenants where the lien was not created by the grantor. Tiedeman, Real Prop. Sec. 858; *Buckner* v. *Street,* 15 Fed. Rep. 365; *Lamb* v. *Kamm,* 14 Fed. Cas. 1014 [1 Sawy. 238]; 14 Am. Dig. (Cent. ed.) 86; *Harrison* v. *Boring,* 44 Tex. 255; *Derrick* v. *Brown,* 66 Ala. 162; *Shuler* v. *Hardin,* 25 Ind. 386; *Headrick* v. *Wisehart,* 41 Ind. 87; *Steele* v. *Bank,* 79 Iowa 339 [44 N. W. Rep. 564; 7 L. R. A. 524; 18 Am. St. Rep. 370]; *Thorn* v. *Newsom,* 64 Tex. 161 [53 Am. Rep. 747]; *Villa* v. *Rodriguez,* 79 U. S. (12 Wall.) 323 [20 L. Ed. 406]; Boone, Real Prop. Sec. 324; *Mann* v. *Best,* 62 Mo. 491.

## GIFFEN, J.

The original cause of action was founded upon a covenant of special warranty in a deed of certain real estate, which by the granting clause conveyed "all the right, title and interest" of the plaintiff, with a covenant:

"That said premises are free and clear from all incumbrances whatsoever by, from, through or under the said grantor and that she will forever warrant and defend the same with the appurtenances unto the said, The Fountain Square Theatre Company, its successors, and assigns, against the lawful claims of all persons claiming by, from, through or under the grantor herein."

The alleged breach of the covenant consisted in a failure to pay the taxes amounting to $556.16, which became a lien while the grantor

was the owner of the premises and were a subsisting lien at the time the deed was executed and delivered.

It must be conceded that a grant of all the right, title and interest conveys only such interest as the grantor has at the time of the conveyance. In this case, it was an estate in fee simple, subject, however, to the lien of the state for taxes, but it is claimed that the covenant related not to the right, title and interest, but to the land itself, and therefore made the grantor liable for any subsisting incumbrance. This position is supported by the case of *Funk* v. *Cresswell*, 5 Iowa 62, in which the following proposition is announced:

"Where a party conveys all his right, title and interest in the lands described in the deed and covenants to warrant and defend the premises against all lawful claims arising under him, the covenant refers to the lands described and not to the right and title of the grantor."

There is much force also in the suggestion contained in the case of *Lull* v. *Stone*, 37 Ill. 224, 228, to wit:

"It is difficult to see, if this be the true construction of such deeds, with what view the covenants were inserted, unless to deceive the grantee with the idea that he was getting covenants upon which he could safely repose for the security of his title, but which a narrow and technical construction would render utterly nugatory, on the day of trial."

It may be said in answer, however, that such covenant would protect the grantee against a warranty deed or a mortgage executed subsequently by the grantor and recorded prior to the first deed, and it is probable, that such acts as these, which would be a fraud upon the grantee, the covenant is intended to cover. In the case of *White* v. *Brocaw*, 14 Ohio St. 339, the second proposition of the syllabus is as follows:

"Where in a deed, in the ordinary form of bargain, sale and release, and which purports only to convey to the grantees 'all the estate, right, title, interest, claim and demand, both in law and equity,' of the grantors, 'of, in and to the said premises, and every part thereof,' containing no recital nor other description whatever, of any particular interest owned or possessed by the grantors, or intended to be conveyed, a covenant is inserted, by which the grantors agree to 'warrant and forever defend the said premises against all persons claiming or to claim, by, from or under them, their heirs or assigns,' such covenant is only coextensive with the grant, and binds only the vested interests of the grantors in the property at the time, and does not extend to an after-acquired title."

Hamilton County.

In that case, the grantors agreed to warrant and forever defend the said premises and not the right, title and interest and although the case of *Funk* v. *Cresswell, supra,* had been decided, it was not followed by our Supreme Court, but it relied, among others, upon the case of *Blanchard* v. *Brooks,* 29 Mass. (12 Pick.) 47, 67, in which it is said:

"The grant in the deed is of all his right, title and interest in the land, and not of the land itself, or any particular estate in the land. The warranty is of the premises, that is, of the estate granted, which was, all his right, title and interest. It was equivalent to a warranty of the estate he then held or was seized of, and must be confined to estate vested. A conveyance of all the right, title and interest in lands, is certainly sufficient to pass the land itself, if the party conveying has an estate therein, at the time of the conveyance; but it passes no estate which is not then possessed by the party."

A case nearer in point upon the precise question before us is that of *Hoxie* v. *Finney,* 82 Mass. (16 Gray) 332, the syllabus of which is as follows:

"In a deed of all the grantor's 'right and title to one undivided third part of' land bounded and described, covenants that he is seized in fee of the granted premises, that they are free from all incumbrances, and that he will warrant them to the grantee against the lawful claims of all persons, are limited in effect by the description of the subject granted, and are not broken by an eviction of the grantee under an incumbrance previously created by the grantor."

The purport of these decisions is, that the covenant of warranty must be limited to the interest of the grantor in the property at the time of the conveyance, and if the property is burdened with an incumbrance, the grantee takes it subject thereto.

In this case, the taxes became a lien by operation of law, and the amount thereof could easily be ascertained from the records in the auditor's office, and no deception or hardship was imposed upon the grantee.

We are of opinion, therefore, that the petition did not state a good cause of action, and the court of common pleas properly sustained the demurrer thereto.

**Jelke** and **Swing, JJ.,** concur.