|    |     |
|----|-----|
| 56 | 145 |
| 79 | 343 |

## WIGHTMAN v. SPOFFORD ET AL.

1. **Vendor and Vendee**: ASSIGNEE OF CONTRACT: PERSONAL LIABILITY OF. The assignee of a contract for the sale of real estate, by accepting the assignment, becomes a party to ·the contract, and personally liable thereon for the purchase money then unpaid.

2. **Conveyance**: QUIT CLAIM DEED: EFFECT OF. The grantor by a quitclaim deed takes the property described therein subject to equities existing in favor of others, and this rule is not changed by the fact that such deed contains the words "bargain and sell."

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 22.

ACTION in chancery to foreclose a title bond. There was a decree granting the relief prayed for by plaintiff; defendants appeal. The facts of the case appear in the opinion.

VOL. LVI—10.

*Cole & Cole* and *R. G. Orwig*, for appellants.

*Clark & Connor*, for appellee.

BECK, J.—I. The original petition asks the foreclosure of a title bond executed by plaintiff to defendant S. F. Spofford, and a personal judgment against him for the amount of the purchase money for the land remaining unpaid. The other defendants are shown to be purchasers under Spofford and a mortgagee of such purchasers.

The defendant Spofford, answering, denies generally all the allegations of the petition, and specifically denies the purchase of the land from plaintiff, or that defendant entered into any obligation to pay plaintiff any sum of money for the purchase of the land described in the title bond. The answer is made a cross petition and defendant therein avers that there appears of record a certain title bond executed by one Mary S. Leavitt to Emily Wightman, which defendant alleges was procured by fraud and without consideration. It is also alleged that the instrument falsely recites that a certain title bond for the same land executed by P. M. Casady to William Farrah was assigned by Farrah to Mary S. Leavitt, and by her to Emily Leavitt. It is also shown that a quit claim deed from Emily Wightman for the property, a lot in Des Moines, appears of record, which defendant alleges is fraudulent and void. These instruments are alleged to be a cloud upon the title of the land.

Defendant Robertson answered separately, denying the allegations of the petition, and filed a cross petition alleging that he purchased the land of Spofford, who conveyed it under such purchase by a warranty deed, and afterwards procured Casady to execute to him a quitclaim deed which vested him with the title. He asks that his title may be quieted.

After the evidence had been introduced at the trial, the plaintiff, by leave of the court, filed an amended petition, alleging that, being the owner of the lot, he entered into a con-

tract with one L. T. Townsend to convey it to him, wherein Townsend obligated himself to pay plaintiff the sum of $100, cash in hand, and $500 in deferred payments; that thereupon Townsend entered into possession of the land and afterwards sold it to defendant Spofford, and transferred to him the contract executed by plaintiff for the conveyance of the property; that Spofford took possession of the land under this contract and thereby became liable to plaintiff for the purchase money, all of which has become due, and that Robertson purchased the land of Spofford and took possession under such purchase. It is shown that the amended and original petition relate to the same cause of action, and recovery is only sought upon one, according to the evidence and the law applicable to the case.

II. The testimony establishes the following facts:

1. The title of the land was originally in Casady, who contracted to convey it to Farrah.

2. Farrah sold his interest in the property and assigned the contract with Casady to Leavitt, who sold to Emily Wightman and executed a bond for a deed; Emily Wightman sold to plaintiff, and executed a deed for the property.

3. Plaintiff sold the property to Townsend, and the parties entered into a written contract, whereby plaintiff became bound to convey the land upon receipt of the purchase money which Townsend obligated himself to pay.

4. Townsend sold to Spofford and executed to him an assignment of the contract. Spofford took possession of the land under this purchase. The plaintiff claims that at Spofford's request he executed a bond to Spofford to convey the land to him. Spofford denies that the bond was delivered to him or that he authorized its execution. The Circuit Court appears to have found that Spofford did not accept this bond and was not bound by it. We think this conclusion accords with the preponderance of the testimony.

5. Spofford sold and conveyed the lot by a deed of warranty to defendant Robertson, and afterwards procured Cas-

ady to execute a quitclaim deed to Robertson conveying the property.

III. We will proceed to consider the rights and liabilities of the respective parties under the facts we have found as above stated.

1. As to the liability of Spofford. The writing between plaintiff and Townsend bound plaintiff to convey the land and the other party to pay for it. The contract is assignable and was assigned to Spofford by Townsend. It is not denied that Spofford accepted the assignment and claimed an interest under the contract. On the ground of his being the assignee he procured the quitclaim deed from Casady. When Spofford accepted the contract as an assignee, and became clothed with all the rights conferred by it, he assumed all the obligation of his assignor. He could not hold plaintiff to the terms of the contract and stand himself discharged from it. This conclusion is based upon the plainest principles of equity. Familiar principles of the law impose on him, upon accepting the assignment and taking the place of Townsend, the obligation to perform Townsend's covenants, and render him liable for failure to perform them.

*1. VENDOR and vendee: assignee of contract: personal liability of.*

The cases cited by counsel for defendants upon this point are not applicable. They hold that the purchaser of the mortgaged property is not personally liable for the debt secured in the absence of an agreement to pay it. See *Hull & Co. v. Alexander et al.*, 26 Iowa, 569; *Johnson v. Monell*, 13 Iowa, 300. In the case before us, the acceptance of an assignment makes Spofford a party to the contract.

IV. 2. As to the right of Robertson. This defendant holds title to the lot under the quitclaim deed executed by Casady. He does not rely upon the deed executed by Spofford, who he concedes did not have the title. As he bases his title upon a quitclaim deed, he cannot be regarded as a purchaser without notice of plaintiff's equities. *Watson v. Phelps et al.*, 40 Iowa, 482; *Springer et al. v. Bartle*, 46 Iowa, 688.

*2. CONVEYANCE: quitclaim deed: effect of.*

It is urged that the deed executed by Casady, as it contains the words "bargain and sell," is not a mere quit claim. See *Sibley v. Bullis et al.*, 40 Iowa, 429. But we think the use of these words does not authorize the conclusion that the deed in question is not a quitclaim. The deed conveys not the property, but quitclaims the grantor's right, title, interest and estate therein. This makes it a mere quitclaim deed.

V. It is urged in the argument of defendant's counsel that there is no evidence showing the chain of title to the lots. But it was admitted at the trial in the court below, as the record shows, by both parties, that the title was in Casady, and both parties claim under him; it is shown that he contracted to sell the lot to Farrah, and that the parties respectively acquired interest in the property as stated in our conclusions upon the facts. These parties successively held possession under their respective purchases.

VI. It is urged that no tender of a deed is shown. None was necessary. *Montgomery v. Gibbs*, 40 Iowa, 652; *Winton v. Sherman*, 20 Iowa, 295.

But surely the defendants cannot complain that no deed has been tendered; it is clearly shown that Robertson has acquired the title to the property.

VI. The counsel for defendants, after the cause was submitted, filed a reply to plaintiff's argument. Counsel for plaintiff moves to strike this reply from the files. Defendant's counsel insist that the reply was filed pursuant to agreement made in open court. In view of the facts that we affirm the decision of the court below, a ruling upon the motion would be of no importance to plaintiffs. As the case now stands we will make no ruling upon it. We frankly say that we considered the reply, and had we reached the conclusion that it contained arguments or authorities that required an answer from the other side, we would have given plaintiff's counsel an opportunity to reply to it. The decree of the Circuit Court is

AFFIRMED.