## ROSENTHAL v. FOWLER.

United States District Court
S. D. New York.
April 25, 1952.

**390**

Gallop, Climenko & Gould, New York City, for plaintiff. Milton S. Gould, Martin I. Shelton, New York City, of counsel.

Cahill, Gordon, Zachry & Reindel, New York City, for defendant. Sheldon Oliensis, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff moves this Court for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dismissing the counterclaims pleaded in the answer to the complaint in the instant action on the ground that the Court lacks jurisdiction of the subject matter, and, in the event that said motion is denied for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing the second counterclaim and the second portion of the demand for judgment pleaded in said answer on the ground that they fail to state a claim upon which relief can be granted, or, in the alternative, for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment in favor of plaintiff and against defendant as to the second counterclaim and the second portion of the demand for relief pleaded in said answer.

Two causes of action are alleged in the complaint. In the first, plaintiff seeks to recover treble damages for rent paid by him pursuant to leases entered into between him and defendant, which allegedly exceeded the maximum rent prescribed by the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq. In the second, plaintiff alleges that defendant failed to provide certain essential services which, pursuant to the lease in effect on the maximum rent date of July 1, 1942 defendant was obligated to furnish, and that as a result of the absence of those services, plaintiff is entitled to treble damages of $4,500.

Two counterclaims were interposed by defendant in her answer. The first is based on the allegation that the essential services were, under the language of the lease, required to be furnished by plaintiff, and that as a result of his failure to do so, defendant suffered damages to her property of $2,000.

The second counterclaim is grounded on the allegation that plaintiff "induced or caused" a real estate appraiser to alter his appraisal of defendant's premises by reducing his estimate of the fair rental value of the premises from $450 per month to $375 per month, as a result of which defendant allegedly suffered damages of $7,200.

The initial prayer in plaintiff's motion is for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing the counterclaims on the ground that the Court lacks jurisdiction of their subject matter.

Plaintiff's claim for treble damages is based on the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1891 et seq. Jurisdiction is thus founded on the presence of a federal question in the action. In order to decide the issue of jurisdiction over the subject matter of the counterclaims, this Court must first resolve the question of whether one or both of them are compulsory or permissive.

Rule 13(a) of the Federal Rules of Civil Procedure provides in its here relevant portion:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *."

If a counterclaim is compulsory, the same jurisdiction which supports the main claim will also support the counterclaim. United States to Use and for Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, D.C. E.D.N.Y.1938, 25 F.Supp. 700. Allegations of such counterclaims are to be considered in a spirit consonant with the liberal and realistic policy of the Federal Rules of Civil Procedure. Professor Moore, in 3 Moore's Federal Practice (2nd ed.) Par. 13.13 wisely suggests:

"An all-embracing definition [of 13 (a)] cannot be given, nor is one desirable. The same flexibility and same empirical treatment is necessary in connection with 'transaction or occurrence' that has been advocated and discussed in connection with 'cause of action'. [2 Moore's Federal Practice (2nd ed.) Par. 2.06.] * * * [C]ourts should give the phrase 'transaction or occurrence that is the subject matter' of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits. Subject to the exceptions, [not instantly relevant] any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim; only claims that are unrelated or are related, but within the exceptions, need not be pleaded."

■■ If there be one compelling test of compulsoriness, it seems clearly to be that of the logical relationship of all claims in any given litigation. Lesnik v. Public Industrials Corporation, 2 Cir., 1944, 144 F.2d 968; Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750. If that logical relationship exists between a counterclaim and the main claim, then the counterclaim is compulsory and need not have independent jurisdiction to support it. Such jurisdiction is necessary only if the counterclaim is permissive as provided for in Rule 13(b), Federal Rules of Civil Procedure. Brown Paper Mill Co., Inc. v. Agar Mfg. Corporation, D.C.S.D.N.Y.1941, 1 F.R.D. 579; Cusimano v. Falciglia, D.C.S.D.N.Y.1947, 6 F.R.D. 586; Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corporation, 2 Cir., 1946, 154 F.2d 814, certiorari denied, 1946, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630.

Do one or both of the instant counterclaims have the logical relationship which is the *sine qua non* of compulsoriness?

■ The nub of the controversy before me is that defendant urges the counterclaims do have the logical connection adverted to, while plaintiff insists that they are completely unrelated to the main claim. I find that defendant's first counterclaim, which sounds in waste or the failure of plaintiff to provide essential services as allegedly required by the terms of the leases, is logically related to the second cause of action pleaded by plaintiff, namely, that it was defendant who failed to provide those services as allegedly required by the Housing and Rent Act of 1947, as amended, supra.[1] However the leases or the applicable provisions of the Act may ultimately be construed, it is clear that these adverse claims have grown from the disintegration of the services for which each party claims the other is liable. No such contention appears in Marks v. Spitz, D.C. D.Mass.1945, 4 F.R.D. 348, hence I believe it is factually and therefore legally distinguishable from the instant case.

Moore v. New York Cotton Exchange, supra, although involving facts very different from the instant ones, nonetheless stands for a proposition of judicial construction. which was further strengthened by the promulgation of Rule 13(a)[2] and which is applicable to the case before me. That case applies logic as the test, and not legal technicalities or rigidly similar circumstances as between claim and counterclaim. What was sought in the Moore case is also sought here: the avoidance of law suits whose multiplicity lends nothing to the cause of fair and expeditious judicial administration.

I find that the Court has jurisdiction of the subject matter of defendant's first counterclaim by virtue of the compulsory nature of that counterclaim.

■ Defendant's second counterclaim does not meet the test by which a com-

1. Specifically, Controlled Housing Rent Regulations, sec. 825.3, as recodified in sec. 76 of the Recodification of Regulations.

2. The Moore case was decided under Equity Rule 30. "The decision in the Moore case and the opinion are authority under Rule 13, since 13(a) is broader in scope than Equity Rule 30, for whereas Equity Rule 30 required a counterclaim 'arising out of the transaction which is the subject matter of the suit', Rule 13(a) requires a counterclaim 'arising out of the transaction *or occurrence* that is the subject matter' of the suit." 3 Moore's Federal Practice (2nd ed.) Par. 13.13 and fn. 4 thereto.

pulsory counterclaim is established. The counterclaim, if meritorious, can at best be permissive which leads to the conclusion that jurisdiction of its subject matter must be supported independently of the main claim. That counterclaim makes no allegation of jurisdiction as required by Rule 8(a), Federal Rules of Civil Procedure. The second counterclaim is dismissed for lack of an allegation showing jurisdiction of the subject matter, with leave to defendant to amend the answer as to the jurisdiction supporting the second counterclaim within five days after service of a copy of the order to be entered hereon. Plaintiff's application for summary judgment addressed to the second counterclaim thus becomes academic.

Settle order.