Richard WALTERS and Dick Walters Ford, Inc., Appellants,

v.

IOWA–DES MOINES NATIONAL BANK and Garland Carver, Appellees.

No. 63910.

Supreme Court of Iowa.

Aug. 27, 1980.

Paul Moser, Jr., Des Moines, for appellants.

H. Richard Smith of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellees.

LeGRAND, Justice.

This appeal arises out of a breach-of-contract action brought by Richard Walters and Dick Walters Ford, Inc. (Walters) against Iowa-Des Moines National Bank (Iowa-Des Moines) and Garland Carver, one of its vice presidents. The trial court sustained defendants' motion for summary judgment under rule 237, R.Civ.P. Walters appeals and we affirm.

The case had its origin in 1973 when Walters entered into a contract with Iowa-Des Moines. The bank was to provide financing for a real estate development in return for Walters' agreement to assume certain indebtedness owing the bank, including a mortgage on property known as the Bennett Farm in the amount of $135,-000. Eventually Iowa-Des Moines filed a petition to foreclose this mortgage. Subsequent to the filing of the petition, but before notice was served, Iowa-Des Moines assigned without recourse to Central National Bank of Des Moines (Central) the mortgage and the note relating to the Bennett Farm. Thereafter, Central obtained judgment against Walters on this obligation in the amount of $155,000.

Walters then brought this action against Iowa-Des Moines for breach of contract, alleging the bank had failed to provide him the financing for his real estate development as agreed. He asked damages in the amount of $771,000. Iowa-Des Moines filed an answer setting up various defenses, including one that the breach-of-contract issue was a compulsory counterclaim which should have been asserted in the foreclosure action above described. Having failed to do so, Walters, according to the bank, is barred by rule 29, R.Civ.P., from maintaining this action.

I. The motion for summary judgment raises only the compulsory counterclaim issue under rule 29, which we set out here in full:

A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensible parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded.

Walters assails the trial court ruling on two grounds: (1) the claim against Iowa-Des Moines was not matured at the time of the foreclosure action and (2) Central, as assignee of Iowa-Des Moines, is not an "opposing party" as contemplated under rule 29. Before treating these issues, we set out the general principles which control our consideration.

Rule 29 has as its objective the avoidance of a multiplicity of suits. It is designed to dispose of all related issues in a single case. *Capitol City Dry Wall Corp. v. C. G. Smith Construction Co., Inc.*, 270 N.W.2d 608, 611 (Iowa 1978); *Harrington v. Polk County Federal Savings & Loan Association of Des Moines*, 196 N.W.2d 543, 545 (Iowa 1972).

In *Harrington* we set out those guidelines which distinguish a compulsory counterclaim from a permissive one. We quote from that case as follows:

A claim is a compulsory counterclaim as contemplated by rule 29 where it arises out of the transaction or occurrence that is the basis of the opposing party's claim if: (1) it is then matured, (2) it is not the subject of a pending action, (3) it is held by the pleader against the opposing party, and (4) it does not require the presence of indispensible parties of whom jurisdiction cannot be acquired.

196 N.W.2d at 545.

We have approved what is sometimes referred to as the "logical relationship" test

for deciding whether a counterclaim is compulsory. *See In re Estate of Hoelscher*, 249 Iowa 444, 450–53, 87 N.W.2d 446, 450–52 (1958). There we quoted with approval from *Rosenthal v. Fowler*, 12 F.R.D. 388, 391 (1952) as follows:

> If there be one compelling test of compulsoriness, it seems clearly to be that of the logical relationship of all claims in any given litigation. (Citations omitted) If that logical relationship exists between a counterclaim and the main claim, then the counterclaim is compulsory and need not have independent jurisdiction to support it.

II. Putting aside for the moment what effect, if any, the assignment from Iowa-Des Moines to Central has, we decide first if this would have been a compulsory counterclaim in the absence of the assignment.

■ Plaintiffs ask damages for a breach of the very same contract under which they assumed the indebtedness on the Bennett Farm. The two—the foreclosure and the claim for damages—arose out of and were part of the same transaction. We have no doubt they bear a "logical relationship" to each other.

■ Walters claims the counterclaim was not matured at the time of the original suit, but this is not borne out by the record. When the foreclosure action was started, it was clear Iowa-Des Moines would not provide the financing which Walters says it had agreed to provide. Walters knew this. The claim had then matured, if indeed it had not done so earlier. We hold Walters' counterclaim would have been a compulsory one if there had been no assignment of the Bennett note and mortgage to Central. *Folkner v. Collins*, 249 Iowa 1142, 1143–44, 91 N.W.2d 545, 546 (1958).

III. This brings us to the real issue in the case: Is a counterclaim which is compulsory against the assignor (Iowa-Des Moines) also compulsory against the assignee (Central)? This is the gist of Walters' argument that Central is not an "opposing party" as defined by rule 29.

The rationale is that Walters has no claim against Central; Iowa-Des Moines divested itself of all interest in the case by the assignment; there was no one remaining— no opposing party—against whom the counterclaim could be prosecuted. The authorities are almost universally contrary to this position.

■ The general rule is that an obligor may assert against an assignee all claims which he could have asserted against the assignor. To put it another way, the assignee of a claim takes subject to all defenses, setoffs, and counterclaims to which his assignor was subject. *See Creel v. Hammans*, 234 Iowa 532, 540, 13 N.W.2d 305, 310 (1955); *Snyder v. Phillips*, 66 Iowa 481, 482, 24 N.W. 6 (1885); *Wightman v. Spofford*, 56 Iowa 145, 148, 8 N.W. 680, 681 (1881); Rule 7, Rules of Civil Procedure; 6 Am. Jur.2d, *Assignments*, § 102 at 283 (1963). *See also Marley v. The United States*, 423 F.2d 324, 338, 191 Ct.Cl. 205 (1970); *Standard Insulation & Window Co. v. Dorrell*, 309 S.W.2d 701, 704 (Mo.App. 1958); *Chesney v. District Court of Salt Lake County*, 108 P.2d 514, 518 (Utah 1941).

In 20 Am.Jur.2d, *Counterclaim, Recoupment and Setoff*, § 87 (1965), the rule is stated this way:

> A cause of action which has been assigned is generally subject to any right of setoff or counterclaim held by the obligor against the assignor at the time of the assignment or notice thereof.

In 6A C.J.S. *Assignments* § 99 (1975), this appears:

> Generally in the absence of an estoppel, or an unconditional agreement on the part of the debtor to render performance to the assignee, the assignee takes the assigned chose subject to all equities then existing, between the assignor and debtor. It is likewise subject to the defenses between the assignor and the debtor existing at the time of the assignment . .

■ Thus Walters *did* have a claim against Central, and Central was an "opposing party" under the rule.

**434**

It is true these authorities hold only that an assignee is subject to the same counterclaims that his assignor would have been. They do not say that such counterclaims are compulsory ones. However, it would defeat the purpose of rule 29 to hold otherwise. If a counterclaim is a compulsory one against the assignor, there is no reason why it should not be equally compulsory against the assignee. In either event, the object and purpose of the statute would be served. In either event, the issues would be disposed of in one, rather then two, suits.

IV. Several peripheral issues inevitably arise. Walters attaches a significance to the fact that the assignment to Central was made in the interval between the filing of the petition and the acceptance of service of the original notice. This occurred when, under our rules, an action was started by service of the original notice. We consider this unimportant in the view we take of Walters' rights against Central.

 V. We note, too, the claim Walters asserts here substantially exceeds the amount of Central's claim in the main action. The counterclaim can be used against Central only defensively to reduce the amount of its claim against Walters. It cannot result in a personal judgment against Central. *Snyder v. Phillips*, 66 Iowa 481, 482, 24 N.W. 6 (1885). *See also Marley*, 423 F.2d at 338; *Dorrell*, 309 S.W.2d at 70; *Chesney*, 108 P.2d at 518. Hence the counterclaim could be established against Central only to the extent of offsetting its claim against Walters, leaving a substantial amount for which Central could not be held liable. Another principle comes into play here: courts look with disfavor on splitting causes of action. *Archibald v. Midwest Paper Stock Co.*, 158 N.W.2d 739, 742 (Iowa 1968). However, rule 29 contemplates this very situation by providing for bringing in additional parties. *See Peters v. Lyons*, 168 N.W.2d 759, 762 (Iowa 1969) (new parties may be brought in if necessary because of the assignment of an interest in the litigation). Iowa-Des Moines was either still in the case for the purposes of rule 29 (as it argues) or could have been brought in

so that Walters could obtain personal judgment against the one personally liable on the counterclaim.

VI. Plaintiffs raise one other question. A summary judgment was rendered also in favor of Garland Carver individually. Walters argues that Carver was not an opposing party under rule 29. We do not reach this question. It was not raised in the trial court and is not properly before us for review.

We hold the trial court was correct, and the judgment is affirmed.

AFFIRMED.

All Justices concur except ALLBEE, J., who takes no part.