Alfred HETTINGER,
Plaintiff–Appellant,

v.

FARMERS & MERCHANTS SAVINGS BANK, Manchester, Iowa, A Corporation, Defendant–Appellee.

No. 88–210.

Court of Appeals of Iowa.

Dec. 22, 1988.

Mark H. Rettig of Hines, Pence, Day & Powers, Cedar Rapids, for plaintiff-appellant.

Daniel H. Swift of Swift & Swift, Manchester, for defendant-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

**HAYDEN, Judge.**

The plaintiff, Alfred Hettinger, appeals the district court's granting of defendant Bank's motion for summary judgment after the court determined plaintiff's claims were compulsory counterclaims to a previous action filed by the Bank and were therefore barred in the current action. We affirm.

**I.**

In May, 1981, the plaintiffs signed a loan guaranty agreement with the defendant, Farmers & Merchants Savings Bank of Manchester, which guaranteed a loan the Bank had with David Zirtzman. Zirtzman had given the Bank a security interest in other property to secure the loan. The Bank later made several other loans to Zirtzman using the same collateral as security. Zirtzman then defaulted on his obligation and the Bank sold the collateral. The Bank, however, did not apply the proceeds of this sale to the loan plaintiff guaranteed. The Bank then filed suit against plaintiff seeking the full amount of the guaranteed loan.

The district court entered judgment against Hettinger and the judgment has been paid in full. Hettinger filed the present action in July of 1985, alleging fraud in its application of proceeds arising out of the loan guaranty agreement. Hettinger's claim is based on the Bank's failure to apply the proceeds of the sale of Zirtzman's collateral to the guaranteed loan first. The Bank filed a motion for summary judgment claiming Hettinger's action is barred since it alleges claims that should have been pleaded as compulsory counterclaims to the bank's action. The district court agreed, pursuant to Iowa Rule of Civil Procedure 29, and dismissed Hettinger's petition. Plaintiff appeals from this ruling.

**II.**

On appeal, Hettinger claims the trial court wrongly dismissed this action under rule 29 for the reason his claims here were not compulsory counterclaims defined in the rule because the current claims were not "mature" at the time of the Bank's original action.

Our scope of review is for correction of errors at law. Iowa R.App.P. 4. The trial court's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We view the evidence in a light most favorable to the judgment and need only consider evidence favorable to the judgment whether or not it is contradicted. *F.S. Credit Corp. v. Shear Elevator, Inc.*, 377 N.W.2d 227, 232 (Iowa 1985). We are not, however, bound by the trial court's determinations of law and are free to decide whether the trial court's findings were induced by legal error. *Raymon v. Norwest Bank Marion, Nat. Ass'n*, 414 N.W.2d 661, 663 (Iowa App.1987). In reviewing the granting of a motion for summary judgment, our task is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Id.* We will reverse the granting of summary judgment if it appears from the record that there is an unresolved issue of material fact. *Id.*

**III.**

The sole issue which is to be determined on this appeal is whether the claims Hettinger now asserts against the Bank were compulsory counterclaims to the earlier case and therefore, barred in this action. Rule 29 of the Iowa Rules of Civil Procedure provides:

A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded.

The Iowa Supreme Court has enunciated guidelines which differentiate a compulsory counterclaim from a permissive one:

A claim is a compulsory counterclaim that is contemplated by rule 29 where it arises out of the transaction or occurrence that is the basis of the opposing party's claim if: (1) it is then matured; (2) it is not the subject of a pending action; (3) it is held by the pleader against the opposing party; and (4) it does not require the presence of indispensable parties of whom jurisdiction cannot be acquired.

*Harrington v. Polk County Federal Savings & Loan Association of Des Moines*, 196 N.W.2d 543, 545 (Iowa 1972). The objective of rule 29 is to avoid a multiplicity of suits and dispose of all related issues in a single case. *Raymon*, 414 N.W.2d at 664.

Hettinger argues the requirements invoking rule 29 have not been fully met because his claims were not mature until judgment had been entered in the prior action.

The problem presented requires we determine at what time the claim made here by Hettinger matured. Under rule 29 a claim matures when the holder thereof is entitled to a legal remedy. *Stoller Fisheries, Inc. v. American Title Insurance*, 258 N.W.2d 336, 342 (Iowa 1977). A cause of action matures when a claimant has sustained an actual loss. *Id.* at 340.

Hettinger alleges fraud and misapplication of proceeds arising out of the original loan guaranty agreement. He claims the Bank represented it would apply the proceeds from secured property to the loan which Hettinger guaranteed. The Bank later applied proceeds from secured property to other loans which David Zirtzman had outstanding and filed the successful action against Hettinger for the amount of the loan guaranty. Hettinger now argues he was not damaged until he voluntarily paid the judgment and thus, the claims which he raises here were not mature until that time. We disagree.

Plaintiff contends *Stoller Fisheries* is determinative here. In *Stoller* the supreme court determined a cause of action for tortious interference with contractual relations did not mature until Stoller paid the assigned judgment for damages. Hettinger argues his claim also could not have matured prior to the time he paid the judgment because until then he had not been "injured." The *Stoller* case can be distinguished from the instant case. In *Stoller*, the plaintiff had filed an action for intentional interference of contractual relations. The cause of action could not have risen until it could be clearly determined the assignee of the judgment would require a judgment which would result in the requisite damages necessary to fulfill elements of the tort. *Stoller Fisheries*, 258 N.W.2d at 340.

We find the case of *Walters v. Iowa–Des Moines National Bank*, 295 N.W.2d 430 (Iowa 1980), instructive here. The facts in *Walters* pertinent to this matter were the plaintiff entered into a contract with a bank. Under that contract the bank would provide financing for a real estate development project, and in return the plaintiff agreed to assume certain indebtedness owing the bank, including a $135,000 farm mortgage. Eventually the bank successfully foreclosed on the mortgage, plaintiff later brought a separate action for breach of contract against the bank because it failed to finance the real estate development. In its decision the supreme court stated:

[The plaintiff] claims the counterclaim was not matured at the time of the original suit, but this is not borne out by the record. When the foreclosure action was started, it was clear Iowa–Des Moines

would not provide the financing which Walters said it had agreed to provide. Walters knew this. The claim had then matured, if indeed it had not done so earlier.

*Walters,* 295 N.W.2d at 433.

Just as in *Walters* it was clear at the outset in this case the Farmers & Merchants Savings Bank was not going to apply proceeds from the secured collateral to the guaranteed loan and as Hettinger stated in his deposition, he knew it. It is clear when the Bank proceeded to enforce its guaranty, Hettinger's claim matured and thus should have been brought as a compulsory counterclaim in the earlier action. We therefore determine the order granting summary judgment in favor of the defendant was not in error and is thus affirmed.

AFFIRMED.