# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED COURT OF APPEALS DIV 1 STATE OF WASHINGTON 2017 OCT 16 AM 10: 12

| | | |
|---|---|---|
| ADAM A. CHUKRI, | ) | |
| | ) | DIVISION ONE |
| Appellant, | ) | |
| | ) | No. 75590-1-I |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| | ) | |
| JASON STALFORT and JANE DOE | ) | |
| STALFORT, and their marital | ) | |
| community, | ) | |
| | ) | |
| Respondents. | ) | FILED: October 16, 2017 |
| | ) | |

DWYER, J. — When a defendant has a claim against the plaintiff which arises out of the same transaction or occurrence as the plaintiff's claim, and is logically related thereto, the defendant's claim is a compulsory counterclaim. Compulsory counterclaims must be pleaded in the existing lawsuit or be forfeited. Jason Stalfort sued Adam Chukri for damages incurred in a motor vehicle collision. The lawsuit settled without Chukri bringing any affirmative claims against Stalfort. Months later, Chukri filed this lawsuit against Stalfort, seeking damages arising out of the same collision. The trial court correctly dismissed the action. We affirm.

I

On August 29, 2013, Chukri and Stalfort were involved in a motor vehicle collision. Both parties claimed that the other party was at fault. Each party alleged that he suffered personal injuries as a result of the incident.

In January 2015, Stalfort filed a personal injury suit against Chukri. Chukri's insurance company, Progressive Insurance Company, provided legal representation to Chukri for his defense against Stalfort's suit.[1] Defense counsel sent Chukri a letter informing him of his rights as an insured and advised him to speak directly to his own attorney about any questions or concerns that he might have. The letter explicitly stated:

> I am only handling the defense of the lawsuit that has been brought against you. If you have a claim for damages against other parties involved in this lawsuit, I cannot represent you for such claims, but will cooperate fully with your personal attorney. If you intend to pursue a claim (or make a counterclaim or crossclaim), please contact your attorney immediately since strict time limitations may apply to such actions for damages. If you decide to pursue a claim, the attorney that you choose to represent you will be at your own expense.

In addition, the letter included a copy of a standardized "Statement of Insured Client's Rights," which also emphasized the importance of promptly retaining separate counsel to file any counterclaims that the insured might have against other parties to the lawsuit. The statement explicitly requested, in bold typeface, that the insured ask for an explanation from defense counsel if there was any uncertainty about the insured's rights pursuant to the insurance policy.

---

[1] We will refer to the attorney financed by the insurer as defense counsel.

2

Defense counsel also promised to cooperate fully with any attorney that Chukri chose to hire.

Chukri did not contact a separate lawyer at that time, nor did he assert any counterclaim against Stalfort.

Defense counsel began settlement negotiations with Stalfort's lawyers. In April 2015, defense counsel informed Chukri of a tentative settlement. After the subsequent settlement of the suit, Chukri received copies of Stalfort's signed release of claims and the trial court's order dismissing the lawsuit "with prejudice."

Approximately eight months after the settlement, Chukri's newly retained lawyer filed a personal injury lawsuit against Stalfort. Stalfort, defended by lawyers financed by his insurance company, asserted that the settlement of the previous suit precluded Chukri's current claim. Stalfort filed a motion to dismiss, pursuant to CR 12(b)(6), asserting that Chukri's claim was a compulsory counterclaim, under CR 13(a), and was, thus, required to be pleaded in the prior action. Chukri argued that CR 13 did not bar his claim because the lawyers hired by Progressive controlled the litigation in the previous suit and he was, hence, unable to plead any counterclaims in that action. However, Chukri admitted that he knew that he had the responsibility to file any counterclaims himself or secure additional legal representation to do so on his behalf. Chukri never offered an explanation as to the reason for his untimely actions.

The trial court dismissed Chukri's lawsuit, ruling that his claims were barred by CR 13(a).

II

We review de novo an order granting a motion to dismiss under CR 12(b)(6). Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 843, 347 P.3d 487, review denied, 184 Wn.2d 1011 (2015). A dismissal for failing to state a claim upon which relief may be granted is appropriate when the plaintiff cannot prove "'any set of facts which would justify recovery.'" FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014) (internal quotation marks omitted) (quoting Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007)). When considering the facts, "[a]ll facts alleged in the plaintiff's complaint are presumed true." Jackson, 186 Wn. App. at 843.

III

Chukri contends that the trial court erred by dismissing his personal injury claim against Stalfort, pursuant to CR 12(b)(6), on the ground that it was barred by CR 13(a). His claim against Stalfort should not be barred as a compulsory counterclaim, Chukri asserts, because he had to defer to the lawyers hired by his insurer and relinquish control over that litigation. We disagree.

A compulsory counterclaim arises out of the same "'transaction or occurrence'" as the original claim if the two are logically related. Chee Chew v. Lord, 143 Wn. App. 807, 813, 181 P.3d 25 (2008) (quoting CR 13(a)). A claim that is logically related to another claim is properly the basis for a compulsory counterclaim. Schoeman v. N.Y. Life Ins. Co., 106 Wn.2d 855, 865, 726 P.2d 1 (1986). To promote judicial economy and convenience, a "'broad realistic interpretation'" should be given to the transaction or occurrence in determining

4

whether it is logically related to both the claim and the counterclaim. Schoeman, 106 Wn.2d at 865 (quoting Rosenthal v. Fowler, 12 F.R.D. 388, 391 (S.D.N.Y. 1952)). For example, in Schoeman, 106 Wn.2d at 866, our Supreme Court discussed how the murder of a woman's husband logically connected an insurer's interpleader action seeking to resolve life insurance beneficiary rights (the original claim) to the woman's wrongful death suit against the same insurer for incentivizing her husband's death (the compulsory counterclaim). In Chee Chew, 143 Wn. App. at 815, we concluded that a defendant's counterclaim for the contractual indemnification of litigation costs was logically related to a plaintiff's suit for personal injuries stemming from the same underlying incident. Thus, we determined that the defendant's counterclaim was a compulsory one.

CR 13 requires compulsory counterclaims to be pleaded at the time the defendant's answer is served.

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

CR 13(a). Failing to plead a compulsory counterclaim bars action on that claim in later lawsuits. Schoeman, 106 Wn.2d at 863. "A liberal and broad construction of Rule 13(a) is appropriate to avoid a multiplicity of suits." Schoeman, 106 Wn.2d at 864.

The considerations underlying the compulsory counterclaim rule include judicial economy, fairness, and convenience. Chee Chew, 143 Wn. App. at 813 (quoting Schoeman, 106 Wn.2d at 866). Moreover, "[t]he purpose of the rule 'is

5

to make an "actor" of the defendant so that circuity of action is discouraged and the speedy settlement of all controversies between the parties can be accomplished in one action.'" <u>Chee Chew</u>, 143 Wn. App. at 813 (internal quotation marks omitted) (quoting <u>Executive Mgmt., Ltd. v. Ticor Title Ins. Co.</u>, 114 Nev. 823, 842-43, 963 P.2d 465 (1998)).

Our Supreme Court, as the rule's authors, recognized the necessity for exceptions to CR 13 and allowed for exceptions in specific circumstances.

> But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the pleader's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

CR 13(a). Additionally, CR 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."

In the present case, Chukri's personal injury suit and Stalfort's original personal injury suit are logically related. Both suits arose from the same occurrence—a single motor vehicle collision. Chukri acknowledges that his claim arises out of the same occurrence as was the subject of Stalfort's suit. Thus, Chukri's personal injury claim against Stalfort is a compulsory counterclaim that should have been brought during Stalfort's initial suit.

Chukri's claim does not satisfy the requirements of any exception to CR 13(a). Chukri's claim was ready for adjudication at the time Stalfort brought the

original suit against Chukri. Chukri's claim was properly ruled to be a compulsory counterclaim, and the trial court properly dismissed the claim.

## IV

Notwithstanding the foregoing, Chukri contends that, regardless of the compulsory nature of his claim, his inability to control the litigation in the first lawsuit should enable him to bring his claim in a later action. This is so, he avers, because his insurance provider controlled the decision to settle the claim by Stalfort, pursuant to RCW 46.29.490(6)(a)-(c). We disagree.

RCW 46.29.490(6)(a)-(c) states:

> (a) The liability of the insurance carrier with respect to the insurance required by this chapter becomes absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his or her behalf and no violation of said policy defeats or voids said policy.
>
> (b) The satisfaction by the insured of a judgment for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment on account of such injury or damage.
>
> (c) The insurance carrier may settle any claim covered by the policy, and if such settlement is made in good faith, the amount thereof is deductible from the limits of liability specified in subsection (2)(b) of this section.

RCW 46.29.490(6)(a)-(c) did not prevent Chukri from asserting counterclaims independent from the defense provided by defense counsel. Neither did it prevent Chukri from retaining counsel separate from the lawyers provided by his insurance company.

Chukri concedes that no Washington case authority supports his contention. His reliance on two cases applying Tennessee law, <u>LaFollete v.</u>

<u>Herron</u>, 211 F. Supp. 919 (E.D. Tenn. 1962), and <u>City of Chattanooga v. Ballew</u>, 354 S.W.2d 806 (Tenn. Ct. App. 1961), is unavailing, as Tennessee has a statute favorable to his position. Washington, however, has no such statute.

There was no error.

V

Stalfort requests an award of costs on appeal. As he is the prevailing party, he is so entitled. RAP 14.2. Upon compliance with RAP 18.1, a commissioner of our court will enter an appropriate award.

Affirmed.

_Dwyer, J._

We concur.

_Schindler, J._          _Becker, J._