# IN THE COURT OF APPEALS OF IOWA

No. 21-0714
Filed August 31, 2022

IN RE THE MARRIAGE OF PATSY JO ANN BOHR
AND GERALD GENE BOHR

Upon the Petition of
**PATSY JO ANN BOHR, n/k/a PATSY JO ANN O'HARA,**
    Petitioner-Appellee,

**And Concerning**
**GERALD GENE BOHR,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Laura Parrish, Judge.

Gerald Bohr appeals the district court's order granting an amended application to certify child support arrearage and unreimbursed medical expenses owed to Patsy O'Hara. **AFFIRMED.**

Gerald Bohr, Ossian, self-represented appellant.

Judith M. O'Donohoe of Elwood O'Donohoe Bran & White L.L.P., Charles City, for appellee.

Considered by Badding, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DANILSON, Senior Judge.**

Gerald Bohr appeals the district court's order granting an amended application to certify child support arrearage and unreimbursed medical expenses owed to Patsy O'Hara.  Gerald challenges the district court's consideration of "his veterans' disability benefits as income for purposes of calculating attributable property, disposable pay, and/or net resources" in order to satisfy his obligations of "alimony or child support, or for any such past obligation, as against the disability benefits themselves, or in offset as against any other property or income to which he is by law entitled."  According to Gerald, the Supremacy Clause of the United States Constitution and preemptive federal law prevents him from being dispossessed of "federal disability pay or property in lieu thereof."  Upon our review, we affirm.

## I.    *Background Facts and Proceedings*

Gerald and Patsy married in 1999 and divorced in 2006.  Their two children, born in 2002 and 2004, were placed in Patsy's physical care.  Gerald was ordered to pay child support and the children's uncovered medical expenses to Patsy.  He failed to do so.

Gerald is a veteran and has been determined to be 100% disabled as a result of service-connected injuries.  Over the years, Patsy was able to collect increment amounts of support from Gerald through income withholding during Gerald's brief periods of employment.  And in 2018, Patsy also obtained an

apportionment of $100 per month from Gerald's disability pension for the children as his qualified dependents.[1]

Patsy initiated this proceeding in 2021 by filing an application for the court to certify child support arrearage and unreimbursed medical expenses. Gerald resisted the application, arguing "any asset he own[ed], especially his residence, which he claim[ed] was purchased utilizing his veteran's disability payment, [was] exempt from any attachment or lien for child support." Following a hearing, the district court found Gerald owed Patsy $68,876.14 in back child support and $9045.10 in accrued uncovered medical expenses. The court ordered Gerald to post bond "in the amount of 125% of the outstanding balance owed . . . to ensure payment." Gerald appealed.

## II.    Standard of Review

Because this case is an equitable proceeding, our review is de novo. Iowa R. App. P. 6.907. We give weight to the district court's findings of fact, especially when considering the credibility of the witnesses, but we are not bound by those findings. Iowa R. App. P. 6.904(3)(g). "Preemption, however, is a question of federal law," and "[w]e review the district court's legal conclusions for correction of errors at law." *Walnut Creek Townhome Ass'n v. Depositors Ins.*, 913 N.W.2d 80, 87 (Iowa 2018) (quoting *Carroll Airport Comm'n v. Danner*, 927 N.W.2d 635, 643 (Iowa 2019)).

---

[1] The Board of Veterans' Appeals of the Department of Veterans' Affairs found Gerald was "not reasonably discharging his responsibility to support his minor children."

### III. Discussion

On appeal, Gerald contends the district court is precluded from allocating or entering an order against his "veterans' assets (either as property, income, or substituting in other assets)." To support his contention, Gerald relies on 38 U.S.C. § 5301(a)(1) of the Veteran's Judicial Review Act. That provision states:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments. The provisions of this section shall not be construed to prohibit the assignment of insurance otherwise authorized under chapter 19 of this title, or of servicemen's indemnity.

38 U.S.C. § 5301(a)(1). According to Gerald, the district court "exceeded its jurisdictional authority and directly violated supreme and preemptive federal law"[2] when it "sequester[ed] and otherwise force[d] a disposition of [his] disability pay other than that as already directed by the agency with exclusive jurisdiction over such a determination, i.e., through the existing apportionment decision that has already been made by the [Veterans Administration]."

As noted, the district court concluded the amount of back child support owed by Gerald was $68,876.14 as of April 13, 2021, and the amount of uncovered

---

[2] *See generally Carroll Airport Comm'n*, 927 N.W.2d at 648 (noting the concept of federal preemption is based upon the Supremacy Clause of the United States Constitution, the question of whether a federal statute preempts state common law is one of federal law, and state courts are bound by the decisions of the United States Supreme Court).

medical expenses owed by Gerald was $9045.10 as of the same date. The court also required Gerald to post a security bond to ensure of payment of these obligations in the amount of $97,401.55 pursuant to Iowa Code section 598.22(6) (2021) ("Upon entry of an order for support or upon the failure of a person to make payments pursuant to an order for support, the court may require the person to provide security, a bond, or other guarantee which the court determines is satisfactory to secure the payment of the support."); *cf. In re Marriage of Belger*, 654 N.W.2d 902, 906 (Iowa 2002) ("Although veterans' disability benefits, social security disability or retirement payments, and workers' compensation benefits are exempt from federal taxes, they are properly considered as income in determining . . . the amount of child support." (quoting *In re Marriage of Hilmo*, 623 N.W.2d 809, 811 (Iowa 2001))).

No aspect of the relief requested, nor the district court's order, dispossessed Gerald of any assets, although fixing the amount of the unpaid medical expenses owed by Gerald would constitute a judgment lien on real estate.[3] Further, Gerald has not identified any sum of Patsy's claimed unpaid amount that arose after the final ruling relative to the apportionment. Concerning the back child support, the district court observed, "Gerald does not dispute this calculation of the amount owed, other than claiming he cannot be ordered to pay it and claiming contribution to his children's expenses over the years." In regard to the unpaid medical

---

[3] "A judgment for unpaid child support will create a lien." *Countrywide, Inc. v. Ballstaedt*, No. 02-0313, 2003 WL 289435, at *2 n.1 (Iowa Ct. App. Feb. 12, 2003); *see also Smith v. Brown*, 513 N.W.2d 732, 733 (Iowa 1994) (enforcing lien for child support arrearages).

expenses, the district court found Patsy's testimony more credible than Gerald in determining that her amount was accurate. We agree.

We think Gerald has put the cart before the horse by raising the exempt status of his property or assets. Patsy has yet to execute upon her judgment lien, and we have no facts before us that would permit us to decide if any assets executed upon can be traced to his veteran's disability payments and retain exempt status. *See Benson v. Richardson*, 537 N.W.2d 748, 757 (Iowa 1995); *see also In re McFarland*, 481 B.R. 242, 251 (Bankr. S.D. Ga. 2012), *aff'd sub nom. In re McFarland*, 790 F.3d 1182 (11th Cir. 2015) (holding "the [d]ebtor has the burden of proof to trace the specific funds to the exempt sources"). Accordingly, we affirm.

**AFFIRMED.**