HARLEY BALLEW

*v.*

CITY OF CHATTANOOGA, TENNESSEE, et al.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

CRAWFORD & MORGAN, Chattanooga, for plaintiff in error.

E. K. MEACHAM, Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal in error from the judgment of the Circuit Court sustaining the demurrer of the City of Chattanooga to the declaration of Ballew, who sued the City of Chattanooga for damages resulting from an alleged tort.

The Court overrules the motion to dismiss the appeal because the policeman who is alleged to have committed the negligent act is not a party to the suit. It is not a legal requirement that the agent or servant be made a party defendant to a suit instituted against the principal or master.

An automobile of the City, allocated to its fire and police department, while being driven by a city policeman in the exercise of a municipal function, governmental in character, collided with an automobile which was being driven by Ballew. The declaration alleged that the City had waived its immunity from suit for negligence committed in the performance of duty governmental in character. It based this allegation upon city ordinance number 4045. That ordinance is copied in the declaration.

It is the insistence of the City that this ordinance, properly construed, does not waive the City's immunity from suit in the negligent performance of a governmental act. The Court sustained that insistence.

That ordinance recites that the "premiums paid for liability insurance have been far in excess of the claims paid by the insurance companies carrying the liability"; therefore, the Board of Commissioners have decided to discontinue the carrying of liability insurance and, instead, to appropriate annually to a special fund designated "Casualty Fund" the amount set up in the various budgets previously for the payment of such insurance premiums.

The ordinance then appropriates $11,000 from the budget of the "Department of Fire and Police"; $5,501 from the budget of the "Department of Streets and Sewers" and $793 from the budget of "Department of Public Utilities". It allocates the sums so appropriated to the "Casualty Fund"

"to be used for the payment of claims and suits against the city resulting from the operation of a motor equip-

ment of the City where the City is *legally liable* for such claims''. (Emphasis supplied.)

This ordinance then directs the city attorney ''to investigate all claims arising from the operation of their motor equipments of the city and where there is *legal liability* to make settlement of such claims or suits''. (Emphasis supplied.)

It then directs the city attorney to also investigate claims ''not involving legal liability but involving a moral liability'', and vests in the Board authority to settle such of the moral obligations as it ''may determine should be settled''.

It is asserted in the City's brief that ''the clear intent of the ordinance is to cover such vehicles which are not shielded by governmental immunity'', meaning, presumably, acts done by the City in its proprietary, rather than in its governmental, capacity. It bases that insistence on the direction in the ordinance that the fund be used for the payment of claims ''where the City is legally liable''.

If, in the decision of the question, the Court is to limit its study to the two words ''legally liable'' we are left in doubt as to what the Board had in mind. It could very well be concluded that the Board, in using the expression ''legally liable'', had in mind claims for which the City is liable because its employee's negligence brought about the tort out of which the claim arose. Or, the Court might conclude, as the City insists, that in the expression ''legally liable'' the Board had in mind only those cases in which the City was acting in a proprietary capacity. The first stated construction is, to say the least, equally as plausible as the one secondly stated. Therefore, it is

proper, in fact necessary, to look to the entire ordinance in considering which of the two constructions should be given to the expression ''legally liable'' as used in this ordinance.

Attention is called to the fact that the appropriation to this Casualty Fund from the budget of the Department of Fire and Police is almost double that made by the budgets of the other two departments. If it was the intention of the Board in using the expression ''legally liable'' to exclude from the appropriation liability which might arise by reason of the negligent manner in which acts governmental in character were performed, then the ordinance, it would seem reasonable to think, would not have appropriated any amount from the Department of Fire and Police. This is so because every official act of the Fire Department or the Police Department is done in performance of a duty governmental in character as distinguished from a municipal act proprietary in character. The Court is unable to imagine any situation in which either the fire or police department, in performing an official duty, could act in any other than in a governmental capacity, as distinguished from an act proprietary in nature.

The Court, therefore, is of the opinion that the expression ''legally liable'', as used in this ordinance, means liability when the City, in the performance of an act either governmental or proprietary in character, is guilty of negligence which brings about the claim in question; hence, that the City has, by reason of this ordinance, waived its immunity from suit to the extent of this Casualty Fund from suits arising out of the negligence of the City, be it in either the performance of an

act governmental or proprietary in capacity. *Rogers v. Butler,* 170 Tenn. 125, 92 S.W.2d 414.

It is probable that the Trial Judge and counsel for the City inadvertently overlooked the significance which we think should be attached to the fact that an appropriation to this Casualty Fund is made from moneys in the budget of the Fire and Police Department.

The judgment will be reversed, the demurrer overruled, and the cause remanded for further proceedings, with costs of this appeal adjudged against the City.