# CITY OF CHATTANOOGA, Plaintiff in Error, v. HARLEY BALLEW, Defendant in Error.—354 S.W. (2d) 806

Eastern Section.   March 16, 1961.

Petition for Certiorari Denied by Supreme Court, May 26, 1961.

E. K. Meacham, Chattanooga, for plaintiff in error.

Robert H. Crawford, Chattanooga, for defendant in error.

McAMIS, P. J., Plaintiff Ballew sued the City of Chattanooga for personal injuries and property damage growing out of a collision between plaintiff's automobile, driven by him, and a cruiser of the City driven by

Police Officer Mallicoat in line of duty. The question of governmental immunity has heretofore been determined by the Supreme Court adversely to the City, 205 Tenn. 289, 326 S. W. (2d) 466, and is no longer involved.

There was a verdict and judgment for $2700.00 for personal injuries and $700.00 for damages to plaintiff's automobile, from which the City has appealed. The first and principal assignment of error is that the Court erred in sustaining plaintiff's motion to strike the City's special plea setting up the defenses of res judicata and accord and satisfaction growing out of the compromise and settlement by plaintiff's insurance carrier of a suit brought against plaintiff by Officer Mallicoat for personal injuries sustained by Mallicoat in this same collision. The plea is based upon the following final judgment entered in that case:

"Came the parties, by their attorneys, and announced to the Court that they have fully and finally compromised and settled out of Court all matters in controversy between them in this cause.

"It is, therefore, ordered, adjudged and decreed by the Court that this cause be and the same is hereby dismissed with full prejudice to the plaintiff, and the costs of the cause are taxed against defendant for which execution may issue."

Under the evidence heard on the motion to strike hereinafter outlined, we think the Court was correct in holding that the foregoing judgment is not conclusive of plaintiff's right to maintain the present suit.

At the time of the accident plaintiff carried on his car a policy of public liability insurance. Attorneys em-

ployed by the insurer appeared as counsel for plaintiff herein in the suit brought by Mallicoat. Plaintiff testified that he did not employ the attorneys who appeared for him in that case and did not learn of the compromise and settlement of Mallicoat's claim until after the above copied judgment was entered. While the policy does not appear in the record, it is tacitly conceded that the insurance carrier had a right to defend and settle any claim brought against plaintiff as its insured. Neither plaintiff nor any attorney representing him personally appeared in the case or approved the judgment of dismissal.

Chapter 318, Acts of 1955, now T. C. A. sec. 23-3001, provides:

"Express consent required for settlements.—In any tort action, prior settlement of damages made on behalf of the plaintiff by another, in exchange for a release executed by or on behalf of the defendant, shall constitute no bar to the plaintiff's action, and proof by the defendant of such settlement and release shall be inadmissible, unless it be shown that such settlement made on behalf of the plaintiff was with the express consent of the plaintiff given in writing, after the cause of action arose."

In behalf of defendant it is said that, while the statute would apply to evidence of a simple release effected by an insurance carrier, it can not under its terms be applied to a judgment. We can not agree. A settlement and release of liability for a claim sounding in tort may be effected either by an instrument in pais or by an agreed judgment or decree. The same reason which would make ineffective a release in pais would apply with equal force to a release and compromise by judgment. We can find

nothing in the statute making it applicable to one and not to the other.

■ Even in the absence of statute, an insurer's settlement of a suit brought against its insured does not bar the insured's claim either on the principle of res judicata or estoppel in the absence of participation in the settlement by the insured. American Trust & Banking Company v. Parsons, 21 Tenn. App. 202, 108 S. W. (2d) 187; U. S. A. C. Transport, Inc. v. Corley, 5 Cir., 202 F (2d) 8; De Carlucci v. Brasley, 16 N. J. Super. 48, 83 A. (2d) 823; Owen v. Dixon, 162 Va. 601, 175 S. E. 41. See also 29 A Am. Jur. 554, Insurance, Section 1442.

The minority view appears to be supported by Long v. Union Indemnity Company, 277 Mass. 428, 178 N. E. 737, 79 A. L. R. 1116, cited and discussed by this Court in Jetton v. Polk, 17 Tenn. App. 395, 68 S. W. (2d) 127. The Jetton case in principle sustains the holding of the trial judge in this case although the release and settlement there involved was not reduced to judgment. The opinion, however, by way of distinguishing the Massachusetts holding, differentiates between a case involving a simple release and a settlement in the form of a judgment. What was there said is not to be taken as approving the minority view which to us seems unsound, illogical and unjust.

If given the construction urged by defendant the effect of T. C. A. sec. 23-3001 would be to align Tennessee with the minority view. We can find nothing in the Act to support that construction. On the contrary, we think its spirit and purpose was to adopt the majority view.

■ It is next insisted the Court erred in not directing a verdict for defendant on the ground that Mallicoat

was guilty of no negligence and that plaintiff was guilty of contributory negligence in making a left turn in violation of T. C. A. sec. 59-829 requiring a driver within an intersection intending to make a left turn to yield the right of way "to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

The collision out of which this suit developed occurred in Chattanooga at the right angle intersection of Eleventh and King Streets. Traffic at the intersection is controlled by an overhanging traffic signal.

Plaintiff testified that he approached the intersection from the east on Eleventh Street intending to turn south into King Street; that the light was green but he was compelled to stop to allow one or two cars east bound on Eleventh Street to pass the intersection before beginning to turn; that when the intersection was clear he began making the turn and then saw defendant's car approaching from the west on Eleventh Street at a speed which he estimated at 40 or 50 miles; that, although defendant's car was then about a block away, it reached the intersection and struck the right rear of his car before he could complete the turn and when the front of his car was about even with the south curb line of Eleventh Street.

There is proof that the impact was of such force that plaintiff's car was knocked into the car of plaintiff's witness John White parked at the southeast corner of the intersection and that before the impact defendant's car laid down 63 feet of skid marks on a dry pavement. Both White and his passenger, Melvin Dickens, say the City's car approached the intersection at a fast

speed, estimated by Dickens at 40 or 50 miles per hour. These witnesses say plaintiff did not cut the corner but made a square turn under the light and that he made the turn at a slow speed. There is other evidence to the same effect.

Defendant's evidence and that of his witness who was approaching the intersection behind plaintiff's car is in some respects in conflict with that of plaintiff and his witness. And, defendant insists that, in some respects, plaintiff's own witnesses support Mallicoat's version as to how the collision occurred.

In resolving the question of plaintiff's contributory negligence as well as the question of defendant's negligence we must be governed by the rule so clearly stated in D. M. Rose & Co. v. Snyder, 185 Tenn. 409, 508, 206 S. W. (2d) 897, as follows:

"While these issues involve a review of the evidence, such review is not to determine where the truth lies or to find the facts, that not being our province in jury cases. It is only to determine whether there was any substantial evidence to support the verdict; and it must be governed by the rule, safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict. Johnston v. Cincinnati N. O. & T. P. R. Co., 146 Tenn. 135, 149, 240 S. W. 429; Finchem v. Oman, 18 Tenn. App. 40, 49, 50, 72 S. W. (2d) 564, 570."

Other cases almost without number to the same effect could be cited. And if there is material evidence

to support it the verdict and judgment must be affirmed even though the testimony of one or more of the witnesses introduced by the party successful before the jury supports the position of the plaintiff in error on appeal. See Bank of Hendersonville v. Dozier, 24 Tenn. App. 178, 142 S. W. (2d) 191; Gillespie v. Fed. Warehouse Co., 37 Tenn. App. 476, 265 S. W. (2d) 21; Pearson Hardwood Flooring Co. v. Phillips, 22 Tenn. App. 206, 120 S. W. (2d) 973; Sepaugh v. Methodist Hospital, 30 Tenn. App. 25, 202 S. W. (2d) 985.

Under the view of the evidence most favorable to the plaintiff, the jury could well find, as charged in the declaration, that Officer Mallicoat approached the intersection at an excessive rate of speed and did not have his car under proper control and that plaintiff under all the circumstances was guilty of no negligence in failing to yield the right of way or if guilty of some negligence it was not the proximate cause of the collision.

■ Defendant's final insistence is that the verdict for personal injuries in the amount of $2700.00 is excessive.

The only medical proof in the record is a statement by Dr. Kimsey, a neuro-surgeon, treated as evidence by agreement of counsel. It appears from Dr. Kimsey's examination on January 8, 1960, nearly four years after plaintiff was injured, that he was still suffering from the effects of a possible whip-lash type injury resulting in soreness accompanied by a popping noise upon turning his neck with no improvement over the previous two years. The doctor was unable to say whether he still had any actual disability. Plaintiff's loss of income and medical expenses, at the time of the trial, amounted to almost $1000.00. According to his testimony he has suf-

fered rather severe pain since the accident due to the injuries he sustained.

The amount of damages in personal injury cases must be left primarily with the jury and trial court and their determination of the amount will not be disturbed on appeal unless there has been an abuse of discretion. Shuey v. Frierson, 197 Tenn. 235, 270 S. W. (2d) 883; D. M. Rose & Co. v. Snyder (supra), 185 Tenn. 499, 206 S. W. (2d) 897.

We cannot say there has been an abuse of discretion in this case.

Finding no error, the assignments are overruled and the judgment affirmed.

Hale and Cooper, JJ., concur.