IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2004 Session

## CHERYL O'BRIEN  v. RHEEM MANUFACTURING CO.

Appeal from the Circuit Court for Montgomery County
No. C10-694     John H. Gasaway, Judge

No.  M2003-00530-COA-R3-CV - Filed May 27, 2004

In this appeal an unsuccessful plaintiff seeks review of a jury verdict approved by the trial court, in favor of the defendant manufacturer.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Phillip Leon Davidson, Nashville, Tennessee, for the appellant, Cheryl O'Brien.

Michael North and Ronald G. Harris, Nashville, Tennessee, for the appellee, Rheem Manufacturing Co.

## OPINION

This wrongful death action is predicated upon the tragic death of a sixteen year old resident of Clarksville, Tennessee.  Eric Cole Riley lived with his mother, Cheryl O'Brien, in her home at 729 Jace Drive in Clarksville.  In the early evening hours of April 25, 1994, Eric Riley was standing in the two car garage of the home preparing to fill the gas tank in his lawnmower when he accidently dropped the gasoline container.  Fumes from the spilled gasoline traveled over to a gas fired water heater located in the garage and resulted in a fiery explosion, which severely burned Riley. After the explosion young Riley, engulfed in flame, ran from his house to the home of a neighbor across the street.  The neighbor, Carlyle Leffel, observing Riley, raced from his house, covered Riley with a blanket, and extinguished the flames.  Eric Riley died as a result of his injuries on May 3, 1994.

The voluminous record in this case details litigation that commenced on April 24, 1995, with a complaint filed by Cheryl O'Brien as parent and next of kin of her deceased son, Eric Cole Riley. Because of the limited nature of the question presented in this appeal, detailed recitation of the

history of this case is not necessary. It suffices to recognize the zeal, diligence, and prodigious effort of all counsel in the representation of their respective clients.

The original complaint was filed against the contractor who constructed the home in 1991, the installer of the Rheem gas fired water heater, the installer of the gas lines servicing the water heater, the City of Clarksville and Rheem Manufacturing Company, the designer and manufacturer of the water heater. The complaint charged various acts of negligence as to all of these defendants. One by one over the next three and a half years, Plaintiff either settled with or voluntarily dismissed all defendants except for Rheem Manufacturing Company. On July 27, 1999, Plaintiff dismissed all allegations of negligence against Rheem and proceeded only on allegations of strict liability in tort. Rheem then raised in its defense comparative fault on the part of all other previous defendants. The case went to trial on August 9, 1999, and eight days later the jury returned a verdict in favor of Defendant, Rheem Manufacturing Company.

The trial court, Honorable James E. Walton presiding, thereafter granted Plaintiff's motion for a new trial on the basis of errors made in the admission of evidence. The second trial of the case began on August 6, 2001, and ended in a mistrial when the jury was unable to agree on a verdict. On September 7, 2001, Plaintiff filed a third amended complaint alleging fraudulent concealment and misrepresentation. The case was tried again on July 8th through 12th, 2002, with the jury returning a verdict in favor of Defendant. Plaintiff filed a motion for a new trial predicated only upon the grounds that the evidence preponderated against the verdict of the jury. On January 27, 2003, the trial court, Honorable John H. Gasaway, III, presiding, approved the verdict of the jury and denied the motion for a new trial.

Plaintiff appealed asserting these issues on appeal:

> I. Was there material evidence in the record to support the jury's verdict that the Rheem gas fired water heater was not defective in design?
> II. Was there material evidence in the record to support the jury's verdict that the Rheem gas fired water heater was not unreasonably dangerous?
> III. Was there material evidence in the record to support the jury's verdict that Rheem did not misrepresent the true nature of this heater by concealment of what it knew about the real potential for danger to consumers who have gas fired hot water heaters in their garages?

The case is thus presented to this Court on the singular issue of whether substantial material evidence exists in the record to support the jury's verdict.[1] In an appeal challenging a jury verdict wherein the trial judge, acting as a thirteenth juror, has approved that verdict, appellate review cannot

---

[1] Defendant asserts additional issues claiming that the trial court erred in allowing Frederick Grim to testify as an expert and erred in denying Rheem's motion for a directed verdict. Defendant further asserts that Judge Walton was in error in granting a new trial subsequent to the first trial in this case. Because of the disposition made of Plaintiff's issues on appeal, it is unnecessary to address the issues presented by Defendant.

be based upon the weight of the evidence, but only on the existence of material evidence supporting the verdict.

> It is the time honored rule in this State that in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury. *City of Chattanooga v. Rogers*, 201 Tenn. 403, 299 S.W.2d 660 (1956); *D. M. Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897 (1947); *City of Chattanooga v. Ballew*, 49 Tenn.App. 310, 354 S.W.2d 806 (1961); *Dynamic Motel Management, Inc. v. Erwin*, Tenn.App., 528 S.W.2d 819 (1975). Of course, these principles apply as well in a breach of contract case tried by a jury as in a personal injury or other tort action.

*Crabtree Masonry Co. v. C & R Const., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978).

In this products liability case, Plaintiff depended almost entirely on the testimony of expert witnesses Fred Grim and Paul Daugirda not only in efforts to establish that the design of the Rheem gas fired water heater was defective and unreasonably dangerous, but also as the basis for the assertion of misrepresentation by concealment. Although a verdict for Plaintiff based upon such evidence may have been unassailable on appeal, the verdict as approved by the trial judge, in fact, was for Defendant. Plaintiff bore the burden of proving any defective design, unreasonably dangerous condition of the water heater, and concealment by misrepresentation. The jury is free to accept or reject expert testimony and may choose to reject such testimony even if it is not contradicted.

> Appellant places great reliance upon the testimony of Sgt. Kilpatrick that in his opinion appellee's proposed business would create a traffic hazard, but, in our view, this opinion testimony although– not contradicted by an opposing contrary opinion– is not conclusive. Expert opinions, at least when dealing with highly complicated and scientific matters, are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are purely advisory in character and the trier of facts may place whatever weight it chooses upon such testimony and may reject it, if it finds that it is inconsistent with the facts in the case or otherwise unreasonable. Even in those instances in which no opposing expert evidence is offered, the trier of facts is still bound to decide the issue upon its own fair judgment, assisted by the expert testimony. *Act-O-Lane Gas Service Co. v. Hall*, 35 Tenn.App. 500, 248 S.W.2d 398 (1951).

*Gibson v. Ferguson*, 562 S.W.2d 188, 189-90 (Tenn. 1976).

This case is much like *Dickey v. McCord*, where the jury returned a verdict for Defandant. This Court affirmed the judgment holding that "a jury is not bound to accept an expert witnesses' testimony as true."   63 S.W.3d 714 (Tenn.Ct.App. 2001).

The expert testimony offered by Plaintiff is not uncontradicted in the record.  Defendant's expert Jacob Hall testified:

Q.      . . . Is the water heater that's the subject of this case defective?
A.      No.
Q.      Is the water heater unreasonably dangerous?
A.      No.
Q.      Can this water heater be safely installed in a residential garage?
A.      Yes, as long as the conditions we've gone through are taken care of.

. . .

Q.      What are the conditions that must exist in order for a water heater to be safely installed in a residential garage?
A.      Elevated, and then for the flammable liquids to be properly stored in approved containers.
Q.      Are those conditions communicated to the consumer by any information that Rheem provides with the water heater?
A.      Yes, sir.
Q.      How are those conditions communicated to the consumer?
A.      We have a label of that information on the water heater, and then that information is also repeated in the use and care manual.
Q.      And that's the label in the use and care manual that we've been discussing in some length over the last two and a half days?
A.      Yes, sir.

The jury verdict in this case has been approved by the trial judge.  Neither the jury nor the trial court is required to accept Plaintiff's expert proof, even if it is not contradicted.  There is substantial material evidence in the record to support the verdict of the jury and it does not matter that there is substantial material evidence that would have supported a verdict for Plaintiff. Appellate review of this jury verdict is at an end.  Tenn. R. App. P. 13(d).

Judgment of the trial court is in all respects affirmed with costs assessed to Plaintiff.  The case is remanded to the trial court for any further proceedings necessary.

_____
WILLIAM B. CAIN, JUDGE