IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## LEVOYD M. TALLEY, ET AL. v. ESTATE OF ROBERT HODGE, JR., DECEASED

**Appeal from the Circuit Court for Lincoln County**
**No. C0300158     Lee Russell, Judge**

_____

**No. M2004-01528-COA-R3-CV - Filed December 5, 2005**

_____

Plaintiffs driver and passenger sued the estate of deceased Defendant driver for negligent operation of his vehicle. The jury found in favor of Defendant as to both Plaintiffs' claims. Plaintiff passenger appealed after the trial court denied her motion for a new trial. We affirm the decision of trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Walter W. Bussart, Lewisburg, Tennessee, for the appellant, Mary F. Talley.

William A. Lockett, Chattanooga, Tennessee, for the appellee, Estate of Robert Hodge, Jr.

**MEMORANDUM OPINION[1]**

This appeal involves a collision on a four-lane undivided highway in Lincoln County, Tennessee. On April 29, 2000, Levoyd M. Talley and Mary F. Talley, husband and wife, were traveling south on the Huntsville Highway, when they passed a yard sale on their right. Mr. Talley proceeded to the next appropriate place to turn around and then turned his vehicle into the inner northbound lane of the highway, in order to return to the yard sale.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. and Mrs. Talley claimed that while they waited to turn left into the yard sale, the vehicle of Robert Hodge, Jr. crossed the center line of the highway and struck their vehicle. On September 3, 2003, Mr. and Mrs. Talley filed a Complaint against the Estate of Robert Hodge, Jr., deceased, in the Circuit Court for Lincoln County, Tennessee.

It is undisputed that there was no turning lane on the highway between the north and southbound lanes of traffic, however, this is where any agreement between the parties ends. Mr. Talley testified that after he turned north onto the highway, he remained stationary in the inner northbound lane, waiting to turn. He claimed that he checked his rearview mirror and when he looked forward again, he saw Mr. Hodge's truck coming toward him. Mr. Talley admitted that he could see approximately one-half mile in the northbound direction but he could not explain why he did not see Mr. Hodge's vehicle sooner.

An independent witness, Marjorie Simmons, testified that she saw Mr. Talley's vehicle stopped on the proper side of the highway, waiting to turn. She noticed no other traffic coming from either direction. She claimed that just prior to the collision, Mr. Talley's vehicle remained stationary and Mr. Hodge failed to reduce his speed.

Mrs. Talley also testified that her husband pulled into the proper lane of traffic and stopped. She claimed that she was looking down at papers regarding the yard sale and only looked up right before the collision occurred. Mrs. Talley testified that Mr. Talley was stopped for some period of time before the impact.

The estate of Mr. Hodge produced three witnesses from the Tennessee Highway Patrol. Trooper Scott Williams investigated the accident and testified that he located debris from the collision in the southbound direction of the highway. Lieutenant Wayne Sellers also investigated the accident. Lieutenant Sellers is trained in accident reconstruction and performed a reconstruction of the collision. As a result of locating gouge marks within the inner southbound lane and finding damage to the passenger side of the Talleys' vehicle, Lieutenant Sellers determined that the accident occurred within the southbound lane of the highway.

Further testimony revealed that despite the fact that no turning lane existed at the site of the accident, Mr. Talley told Lieutenant Sellers that he had been waiting to turn from the turning lane when the collision occurred. Also, Officer Richard Lewis took Mr. Talley's statement following the accident. The statement of Mr. Talley provided:

> On Saturday April 29, 2000 at around 12:00 noon my wife and I were going to a yard sale just the other side of Park City. I drove past the yard sale and I drove down the highway and turned into a dive [sic] or lot and turned around. I turned back towards Park City and I was driving in the inside lane. When I got back up to the yard sale I pulled into the turn lane to turn left. I then saw the truck coming and I told my wife that he was not going to stop. Then the lights went out.

The jury returned a verdict in favor of the estate of Mr. Hodge against both Mr. and Mrs. Talley, finding that Mr. Hodge was not negligent in the operation of his vehicle. Mrs. Talley filed a motion for a new trial, which was denied by the court on May 3, 2004. Mrs. Talley filed a timely notice of appeal arguing that it was error for the trial court to deny her motion for a new trial because the jury's verdict was in opposition to all the proof in the case.

An appellate court's review of the judgment entered on a jury's verdict is governed by Tennessee Rule of Appellate Procedure 13(d), which provides that "findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." Under this standard of review, the Court is "not at liberty to weigh the evidence or to decide where the preponderance lies, but is limited to determining whether there is material evidence to support the verdict." *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn.1978) (citing *City of Chattanooga v. Rogers*, 201 Tenn. 403, 299 S.W.2d 660 (1956); *D. M. Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897 (1947); *City of Chattanooga v. Ballew*, 49 Tenn.App. 310, 354 S.W.2d 806 (1961); *Dynamic Motel Management, Inc. v. Erwin*, 528 S.W.2d 819 (Tenn.Ct.App.1975)). In making this determination, the Court is "required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary." *Crabtree Masonry Co.*, 575 S.W.2d at 5. An appellate court is not empowered to substitute its own judgment for the jury's even if it believes that the evidence supported a different result. *Henley v. Amacher*, No. M1999-02799-COA-R3-CV, 2002 WL 100402, at *9 (Tenn.Ct.App. Jan.28, 2002). If the record contains any material evidence to support the verdict, the Court must affirm the trial court's judgment. *Crabtree Masonry Co.*, 575 S.W.2d at 4; *Forrester v. Stockstill*, 869 S.W.2d 328, 329 (Tenn.1994).

Mrs. Talley asserts that although Mr. Talley may have been negligent for entering the southbound lane of the highway, Mr. Hodge was also guilty of negligence in failing to avoid the resultant impact between Mr. Hodge and Mr. Talley's vehicles. She further claims that she was free from fault in the collision and thus, should not be denied recovery.

The trial court charged the jury as to comparative fault. Said the court:

> In deciding this case you must determine the fault, if any, of each of the parties. If you find more than one of the parties at fault, you will then compare the fault of the parties. To do this, you will need to know the definition of fault.

> A party is at fault if you find that the party was negligent and that the negligence was a legal cause of the injury or damage for which a claim is made.

> Fault has two parts: negligence and legal cause. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. A person may

assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is legal cause. A legal cause of any injury is a cause which, in natural and continuous sequence, produces an injury, and without which the injury would not have occurred. A single injury can be caused by the negligent acts or omissions of one or more persons.

If you find that a party was negligent and that the negligence was a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. The plaintiff has the burden to prove the defendant's fault. If the plaintiff fails to do so, you should find no fault on the part of the defendant. Likewise, the defendant has the burden to prove the plaintiff's fault. If the defendant fails to do so, you should find no fault on the part of the plaintiff. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

The verdict form submitted to the jury provided in pertinent part:

## VERDICT FORM

We, the jury, unanimously answer the questions submitted by the Court as follows:

1. Do you find the deceased Robert Hodge, Jr. to be at fault? (The plaintiffs have the burden of proof.)

Yes _____                     No __X___

If your answer is "no", stop here, sign the verdict form and return to the Court.

The jury answered this first question on the verdict form "no" and returned its verdict accordingly.

Having, under proper instructions, found that the deceased Mr. Hodge was not guilty of any fault, no basis exists for comparative fault, and it is immaterial that Mary F. Talley would not be chargeable with any negligence that might be charged to Levoyd M. Talley. *Cole v. Woods*, 548 S.W.2d 640 (Tenn.1977).

We are not concerned with the weight of the evidence. Because the trial court approved the jury's verdict, and that verdict is supported by competent and material evidence, we are bound under Tennessee Rule of Appellate Procedure 13(d) to affirm the judgment.

-4-

Costs of the cause are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE