IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 8, 2010 Session

## LIMMIE R. WALLS v. BOBBY G. HOPKINS

**Appeal from the Circuit Court for Sumner County**
**No. 30247-C     C.L. Rogers, Judge**

---

**No. M2009-01416-COA-R3-CV - Filed November 22, 2010**

---

This tort action arises out of a two-vehicle accident. Plaintiff sued defendant under a negligence theory and sought damages. After a jury trial, the jury equally allocated fault between plaintiff and defendant. Plaintiff filed a motion for a new trial, and the trial court denied the motion. On appeal, plaintiff argues that the jury's verdict is not supported by material evidence and that the trial court erred in permitting testimony regarding plaintiff's intention to use a shortcut. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Kirk L. Clements, Goodlettsville, Tennessee, for the appellant, Limmie R. Walls.

M. Allen Ehmling, Gallatin, Tennessee, for the appellee, Bobby G. Hopkins.

## OPINION

### I.  FACTUAL BACKGROUND

This case arose from an automobile accident involving two vehicles. On August 28, 2003, the accident occurred on Gallatin Road near the Center Point Road intersection in Hendersonville, Tennessee. At the time of the accident, there was heavy traffic on Gallatin Road, and Bobby G. Hopkins proceeded to exit the parking lot of the Dodge Store by making a left turn into the center turning lane. Mr. Hopkins only proceeded with the left turn after vehicles in both travel lanes stopped to permit him to exit. Upon reaching the center turning lane, Mr. Hopkins's vehicle collided with the vehicle driven by Limmie R. Walls. Mr. Walls

was traveling south on Gallatin Road in the center turning lane because he intended to turn left into the Mapco parking lot. The impact of the collision caused Mr. Walls to lose consciousness, and he was taken to the emergency room at a local hospital by ambulance.

Thereafter, Mr. Walls filed a negligence complaint against Mr. Hopkins seeking $200,000 in compensatory and punitive damages. A jury trial was conducted on March 2, 2009. At trial, testimony was received from the parties and Corporal James L. Barnes, the patrol officer who appeared at the accident scene, additionally, the deposition of Dr. Walter Wheelhouse, Mr. Walls's treating physician, was read into evidence. Corporal Barnes related the applicable laws regarding proper use of a motor vehicle and observed that, pursuant to the ordinances of the City of Hendersonville ("the City"), it is unlawful for a driver to cut through a business's parking lot to arrive at Center Point Road. He also testified that under state law, it is illegal for a driver to enter the center turning lane and drive for approximately half a mile to arrive at the intersection at Center Point Road.

After hearing the evidence, the jury returned a unanimous verdict, finding both Mr. Walls and Mr. Hopkins fifty percent at fault for the accident. Mr. Walls then filed a motion for a new trial and argued that the jury's verdict was not supported by the evidence. The trial court denied the motion. Mr. Walls filed a timely notice of appeal challenging the jury's verdict.

## II. ISSUES

Mr. Walls raises the following issues on appeal, which we restate:

1. Whether the jury's verdict allocating fifty percent of fault to Mr. Walls is supported by material evidence.

2. Whether the trial court erred in allowing the jury to hear testimony regarding plaintiff's intention to take a short cut through the Mapco parking lot.

## II. STANDARD OF REVIEW

In reviewing a jury verdict, "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." Tenn. R. App. P. 13(d). When this court reviews a judgment based on a jury verdict, we are limited to determining whether there is material evidence to support the verdict. *Forrester v. Stockstill,* 869 S.W.2d 328, 329 (Tenn.1994).

# IV. DISCUSSION

Mr. Walls contends that the jury's verdict is not supported by material evidence. He argues that there was no evidence demonstrating that he was fifty percent at fault in causing the accident. In Mr. Walls's view, the only possible explanation for the jury's finding is: (1) he entered the center turning lane too soon, or (2) he intended to cut through the Mapco parking lot to arrive at Center Point Road in violation of the City's ordinance. He claims that there was no permissible evidence to support the jury's verdict for either reason.

Mr. Walls's challenge of a jury verdict means that he faces a heavy burden on appeal. Explaining the standard of review for a jury verdict on appeal, the Tennessee Supreme Court explained:

> The appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

*Forrester,* 869 S.W.2d at 329-30 (citing *Crabtree Masonry Co. v. C & R. Construction Co.,* 575 S.W.2d 4, 5 (Tenn.1978)).

In this case, Mr. Walls filed a motion for a new trial raising similar arguments in that motion as he does on this appeal. In denying the motion for a new trial, the trial court approved the jury's verdict. When a motion for a new trial is filed, the trial court must then independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict. *Woods v. Herman Walldorf & Co.*, 26 S.W.3d 868, 873 (Tenn. Ct. App. 1999) (citations omitted). Therefore, the trial judge acts as the "thirteenth juror" when deciding whether the evidence supports a jury verdict. "Where the trial court simply approves the jury's verdict without further comment, we presume the court adequately performed its function as thirteenth juror." *Gibson v. Francis*, No. E2003-02226-COA-R3-CV, 2004 WL 1488541, at *2 (Tenn. Ct. App. E.S., June 30, 2004) (citing *Ridings v. Norfolk S. Ry. Co.*, 894 S.W.2d 281, 288 (Tenn. Ct. App. 1994)). Once a trial court approves a jury verdict, the standard of review on appeal is stringent, *see Shropshire v. Roach*, No. M2007-02593-COA-R3-CV, 2009 WL 230236, at *3 (Tenn. Ct. App. M.S., Jan. 30, 2009), and this court employs the material evidence rule as outlined in the *Forrester* and *Crabtree* cases. *Gibson*, 2004 WL 1488541, at *2. Ultimately, our task is to review the record to determine whether it contains material evidence to support the jury's verdict. *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994).

In taking the strongest legitimate view of all the evidence in the record in favor of the verdict, we conclude that there is material evidence to support the jury's equal allocation of fault between Mr. Walls and Mr. Hopkins.

Mr. Walls testified that the accident occurred on Gallatin Road in the area of the Trail West store, the Mapco gas station, and the Dodge Store. Mr. Walls was traveling south on Gallatin Road towards the Rivergate Mall area. The accident occurred approximately 400 feet away from the intersection of Center Point Road and Gallatin Road. In describing the accident, Mr. Walls testified:

> And as I was traveling down Gallatin Road, I saw that traffic was backed up and so I decided to take a shortcut like I do often times when traffic's backed up and cutting those fields over there. And when I got into the center lane, I don't know what happened. I just went out like a light. I heard a big bang and I went out. I was knocked unconscious.

Mr. Walls further testified that he originally intended to turn left at the intersection onto Center Point Road on the day of the accident.

Mr. Hopkins's testimony also attested to the heavy traffic on Gallatin Road on the day of the accident. Mr. Hopkins testified that he was attempting to exit the parking lot of the Dodge Store by making a left turn into the center turning lane in order to travel north on Gallatin Road. He stated that the two lanes of traffic stopped, permitting him to exit the parking lot. As Mr. Hopkins eased his vehicle out of the parking lot, the moment he crossed the yellow line, the front end of his truck collided with Mr. Walls's vehicle. Mr. Hopkins testified that he never saw Mr. Walls's vehicle approaching.

The above testimony provides sufficient facts for a jury to determine that both parties were equally at fault for the accident. The jury did hear evidence to support Mr. Walls's position, but nevertheless, the jury reached an opposite result. As this court has previously noted, "if there is material evidence to support the verdict, the verdict and judgment must be affirmed, even if there is testimony or evidence supporting the appellant's position." *Dixon v. Cobb*, No. M2006-00850-COA-R3-CV, 2007 WL 2089748, at *4 (Tenn. Ct. App. M.S., July 12, 2007) (citing *City of Chattanooga v. Ballew*, 354 S.W.2d 806, 806 (Tenn. Ct. App. 1961)). In this case, the trial testimony of Mr. Walls and Mr. Hopkins furnished evidence supporting the verdict.

From our review of the record, it appears that the jury disregarded Mr. Walls's version of how the accident occurred. Mr. Walls's credibility was likely damaged by the

inconsistencies in his trial testimony and his deposition testimony. In his deposition, Mr. Walls testified that he intended to cut through at Trail West's parking lot, but at trial he changed his testimony. During Mr. Walls's direct examination, the following exchange occurred:

Q. My question is where were you turning in? Where were you intending to turn in?

A. I intended to turn left at the Mapco station on – Boot Country [Trail West] but the driveways are kind of like together – run together. Because there's no opening through the Boot Country where – on the Mapco side. I've done that before.

But that morning, everything was going fast. And I was gonna turn left at some point. Where I was gonna turn at exactly at that time, it could have made a difference how the traffic was backed up that morning.

Q. All right. Is there a through – is there a passage from the Boot Country [Trail West] parking lot to the Mapco parking lot?

A. You mean do they join and open?

Q. Yes.

A. No. No.

Q. Well, were you lying to Mr. Ehmling when you told him that you were going into the Boot Country [Trail West?]

A. No. No, I wasn't. I could have misjudged that particular event there because it's just right there together. . . .

When asked again on cross examination about the change in his trial testimony from his deposition, Mr. Walls claimed that he was "confused." Additionally, during Mr. Walls's direct testimony, he was vague in describing how long he was in the center turning lane and his vehicle's distance from the intersection of Center Point Road and Gallatin Road. On cross examination, Mr. Walls admitted that he didn't know the speed in which he traveled and he also conceded that he was not sure how far his vehicle was from the intersection.

In its role as the fact finder, the jury evaluates the credibility and veracity of a witness's testimony. As this court has previously observed,

> It was the duty and prerogative of the jury to assess the credibility of the witnesses, and the jury was at liberty to either believe or disbelieve the plaintiff's subjective complaints. The jury apparently chose not to believe the plaintiff's testimony regarding her pain, its origin, and/or its effect on her. If the jury disbelieved the plaintiff – and apparently it did – then the plaintiff failed to establish her personal injury claim by a preponderance of the evidence. As a consequence of this, there is material evidence to support the jury's verdict.

*Gibson*, 2004 WL 1488541, at *4. Here, Mr. Walls departed from his deposition testimony at trial and suffered from memory lapses regarding key details concerning the accident. Under these circumstances, we find that there is material evidence to support the jury's verdict.

Next, Mr. Walls argues that the trial court erred in permitting the jury to hear testimony concerning his intention to cut through the Mapco parking lot in order to arrive at Center Point Road. Before trial, Mr. Walls filed a motion in limine to exclude any testimony regarding his intention to cut through the Mapco parking lot, and the trial court denied the motion. He claims that under Rules 402 and 403 of the Tennessee Rules of Evidence, evidence that is irrelevant and "that may be confusing or prejudicial" to the jury should be excluded. Mr. Walls contends that his intention to cut through the Mapco parking lot is wholly irrelevant to the issue of liability in this case. He urges this court to set aside the judgment pursuant to Rule 36 of the Tennessee Rules of Appellate Procedure.

We reject Mr. Walls's contentions concerning the inadmissibility of such testimony. First, during his direct examination while describing the accident, Mr. Walls stated that "I decided to take a shortcut like I do often times…." This testimony was not irrelevant because it explained why Mr. Walls entered the center turning lane. Second, by explaining his reason for entering the center turning lane, Mr. Walls essentially opened the door for the admission of such evidence. To claim on appeal that his own testimony was somehow prejudicial and inadmissible is an untenable position for Mr. Walls to adopt.

Nevertheless, assuming *arguendo*, the trial court erred in permitting such testimony, we find that such error was harmless. Our harmless error rule considers whether the error

"more probably than not affected the judgment." Tenn. R. App. P. 36(b).[1] At trial, the jury heard the testimony and evaluated the credibility of each witness. As described earlier in this opinion, Mr. Walls's credibility was likely damaged by the discrepancies in his trial and deposition testimony and memory lapses regarding the accident. Therefore, we are not inclined to agree with Mr. Walls that such testimony more probably than not affected the jury's verdict. Accordingly, we affirm.

## V. CONCLUSION

The jury verdict equally allocating fault between Mr. Walls and Mr. Hopkins is affirmed. This case is remanded for enforcement of the trial court's judgment and for the collection of costs assessed below, all pursuant to applicable law. Costs of this appeal are taxed to the appellant, Limmie R. Walls.

_____
JOHN W. McCLARTY, JUDGE

---

[1] (b) Effect of Error. A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process. When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal. Tenn. R. App. P. 36(b).