# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 5, 2014 Session

## LEONA RUTH SALYER, ET. AL. V. COURTNEY L. LINNEN

**Appeal from the Circuit Court for Sullivan County**
**No. C3492     Hon. John S. McLellan, III, Judge**

---

**No. E2013-01546-COA-R3-CV-FILED-MAY 6, 2014**

---

This is a personal injury action in which Plaintiff sued Defendant for injuries she sustained as a result of a two-vehicle accident. The jury found the parties equally at fault, and the trial court affirmed the jury's verdict. On appeal, Plaintiff argues that the verdict was contrary to the weight of the evidence and that the trial court erred in limiting testimony concerning Defendant's acceptance of fault at the scene of the accident. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Thomas C. Jessee and Thomas D. Dossett, Kingsport, Tennessee, for the appellants, Leona Ruth Salyer and Jack Salyer.

Jack M. Vaughn and Cory Swainston, Kingsport, Tennessee, for the appellee, Courtney L. Linnen.

## OPINION

## I.  BACKGROUND

This case arises from an automobile accident involving two vehicles on August 7, 2009. The accident occurred at the intersection of U.S. 11-E and Allison Road in Sullivan County, Tennessee. Leona Ruth Salyer ("Plaintiff") was traveling South on U.S. 11-E and preparing to turn right onto Allison Road, while Courtney L. Linnen ("Defendant") was

traveling North on U.S. 11-E and preparing to turn left onto Allison Road. The vehicles collided as each party made her respective turn.

Thereafter, Plaintiff and her husband, Jack Salyer, filed a negligence complaint against Defendant. Plaintiff and Mr. Salyer (collectively "Plaintiffs") sought $150,000 in compensatory damages for Plaintiff's injuries and $14,000 in compensatory damages for the property damage to the vehicle and Mr. Salyer's loss of consortium. Plaintiffs subsequently amended their complaint by reducing the claim for damages to $75,000 in compensatory damages for Plaintiff's injuries and $7,500 in compensatory damages for the property damage to the vehicle. Defendant filed a counter-complaint against Plaintiffs, asserting that Plaintiff was negligent. Defendant sought dismissal of the complaint and compensatory damages.

A jury trial was conducted on July 31 and August 1, 2012, at which several witnesses testified and portions of Defendant's deposition testimony were read into the record. In her deposition, Defendant testified that she was familiar with the intersection where the accident occurred. She recalled that she had just attended her great-aunt's funeral when she stopped at McDonald's to retrieve her fiancé. She returned to the roadway and approached the intersection while driving approximately 10 miles per hour. She claimed that the traffic light was green but that she came to a complete stop at the intersection because the light was not displaying the left-turn arrow. She asserted that she did not see Plaintiff's vehicle until the accident occurred. She denied telling Plaintiff or the investigating officer that the accident was her fault. She acknowledged that she had the obligation to yield the right-of-way to oncoming traffic and that she would have yielded if she had seen Plaintiff's vehicle.

Officer David Nelson, who was the Chief of Police for the Bluff City Police Department at the time of the accident, testified that he was dispatched to investigate the accident. He recalled that Plaintiff and Defendant appeared nervous and upset but were not injured as a result of the accident. He claimed that Defendant admitted that she hit Plaintiff's vehicle and that she was in a hurry to return home after having attended a funeral. After reviewing the police report, he stated that the damage to Plaintiff's vehicle was on the front driver's side, while the damage to Defendant's vehicle was "back toward the rear right side." He asserted that the accident occurred underneath the traffic light on Allison Road.

Officer Jamie Dunbar, the assistant police chief for the Bluff City Police Department, testified that he also investigated the accident and confirmed that the front of Plaintiff's vehicle was damaged, while the rear of Defendant's vehicle was damaged.

Plaintiff, who was 72 years old at the time of trial, testified that she had suffered from extensive injuries and medical ailments prior to the accident but that her pain and suffering

had increased since the accident. She recalled that she was on her way home from the post office when she stopped at the intersection. After waiting for the traffic light to turn green, she checked for oncoming traffic and then turned onto Allison Road. She claimed that she never saw Defendant's vehicle. She asserted that Defendant apologized for hitting her and accepted fault for the accident. She believed that she was in front of Defendant when the accident occurred but could not account for the fact that her vehicle was damaged on the front left side, while Defendant's vehicle was damaged on the rear right side.

Defendant testified that she was "[a] little" upset on the day of the accident because she had attended her great-aunt's funeral. She recalled retrieving her fiancé from McDonald's, returning to the roadway, and then turning left onto Allison Road, where she collided with Plaintiff. She insisted that she stopped at the intersection and checked for oncoming traffic before she turned. She claimed that she did not see Plaintiff's vehicle when she began her turn onto Allison Road. She denied ever telling Plaintiff or the investigating officers that the accident was her fault.

After hearing the evidence, the jury returned a verdict, finding both Plaintiff and Defendant 50 percent at fault for the accident. Plaintiff then filed a motion for new trial, arguing that the verdict was contrary to the weight of the evidence and that the trial court abused its discretion by limiting testimony from Officer Nelson regarding Defendant's statements at the scene of the accident. The trial court denied the motion and affirmed the jury's verdict. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by Plaintiff as follows:

A. Whether the verdict was contrary to the weight of the evidence.

B. Whether the trial court abused its discretion by limiting testimony from Officer Nelson regarding Defendant's statements at the scene of the accident.

Defendant raised an issue on appeal that we restate as follows:

C. Whether Defendant is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

In reviewing a jury verdict, "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." Tenn. R. App. P. 13(d). When this court reviews a judgment based on a jury verdict, we are limited to determining whether there is material evidence to support the verdict. *Forrester v. Stockstill*, 869 S.W.2d 328, 329 (Tenn. 1994).

Rulings on admissibility of evidence are within a trial court's discretion, and an appellate court will set aside such decisions "when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of evidence." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999). We review the decision of the trial court to determine: "(1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principle, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Id.* at 223. Improper admission or exclusion of evidence requires a new trial if the outcome of the trial was affected. Tenn. R. App. P. 36(b); *White*, 21 S.W.3d at 222.

## IV. DISCUSSION

### A. & B.

Plaintiffs assert that the verdict was contrary to the weight of the evidence and claim that the trial court erred in limiting testimony concerning Defendant's acceptance of fault. They concede that the jury heard the relevant information. Defendant responds that the verdict was supported by material evidence and that the court never limited any testimony.

The challenge of a jury verdict means that Plaintiffs face a heavy burden. Explaining the standard of review for a jury verdict on appeal, the Tennessee Supreme Court stated:

> The appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

*Forrester*, 869 S.W.2d at 329-30 (citing *Crabtree Masonry Co. v. C & R. Constr. Co.*, 575 S.W.2d 4, 5 (Tenn. 1978)).

In this case, Plaintiffs filed a motion for a new trial raising similar arguments in that motion as they do on this appeal. The trial court approved the jury's verdict by denying the motion for new trial. When a motion for a new trial is filed, the trial court must independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict. *Woods v. Herman Walldorf & Co.*, 26 S.W.3d 868, 873 (Tenn. Ct. App. 1999) (citations omitted). Therefore, the trial judge acts as the "thirteenth juror" when deciding whether the evidence supports a jury verdict. Once a trial court approves a jury verdict, the standard of review on appeal is stringent. *See Shropshire v. Roach*, No. M2007-02593-COA-R3-CV, 2009 WL 230236, at *3 (Tenn. Ct. App. Jan. 30, 2009). This court employs the material evidence rule as outlined in the *Forrester* and *Crabtree* cases. *Gibson v. Francis*, No. E2003-02226-COA-R3-CV, 2004 WL 1488541, at *2 (Tenn. Ct. App. June 30, 2004). Ultimately, our task is to review the record to determine whether it contains material evidence to support the jury's verdict. *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994).

In this case, the jury heard evidence to support Plaintiff's testimony. Nevertheless, the jury reached an opposite result. As this court has previously noted, "if there is material evidence to support the verdict, the verdict and judgment must be affirmed, even if there is testimony or evidence supporting the appellant's position." *Dixon v. Cobb*, No. M2006-00850-COA-R3-CV, 2007 WL 2089748, at *4 (Tenn. Ct. App. July 12, 2007) (citing *City of Chattanooga v. Ballew*, 354 S.W.2d 806, 806 (Tenn. Ct. App. 1961)). Each party asserted that they turned when the traffic signal was green. Yet, both asserted that they did not see the other party as they made their respective turns. Having reviewed the record, we conclude that the testimony presented at trial provided material evidence for a jury to determine that both parties were equally at fault for the accident.

Relative to the alleged limitation of Officer Nelson's testimony, the record reflects that the trial court never limited the testimony. Plaintiffs conceded at trial that the police report was inadmissible and never attempted to introduce the report. Instead, they asserted that Officer Nelson was free to refresh his memory from the report while testifying. The trial court and Defendant agreed. While testifying, Officer Nelson repeatedly referred to the report and answered each question asked by Plaintiffs without any limitation from the trial court. Even if the testimony had been limited as Plaintiffs suggest, any error was harmless when Officer Nelson and Plaintiff testified that Defendant accepted fault at the scene of the accident. This issue is without merit.

C.

Defendant asserts that Plaintiffs' appeal was frivolous and that she is entitled to damages in the form of attorney fees and costs for having to defend against the appeal. Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An appellate court's decision on this issue is discretionary, and this court is generally reluctant to award such damages because we do not want to discourage legitimate appeals. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006). Following our review, we respectfully deny Defendant's request for attorney fees on appeal.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Leona Ruth Salyer and Jack Salyer.

_____
JOHN W. McCLARTY, JUDGE

-6-